

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————

No. 06-13-00180-CR

———————————

KASSIE STEPHENSON, Appellant

V.

THE STATE OF TEXAS, Appellee

———————————

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 40,573-B

———————————

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Pursuant to a plea agreement, Kassie Stephenson entered a plea of guilty to the offense of burglary of a building and on August 8, 2012, was placed on two years' deferred adjudication community supervision. The following year, the State filed an application to adjudicate guilt, alleging a failure to pay supervisory fees, to subject herself to certain tests and attend required classes, or to perform the required community work service hours. Stephenson signed a stipulation acknowledging that she had failed to conform to each of those terms of her deferred adjudication community supervision as alleged by the State and acknowledged the truth of those allegations in open court. The trial court adjudicated Stephenson's guilt and sentenced her to fifteen months' confinement in a state jail facility. Additionally, the court assessed a $368.00 fine, taxed $340.00 in court costs, and ordered Stephenson to pay $1,275.00 in attorney's fees.

Stephenson filed a motion for new trial, arguing that her plea of "true" was involuntary because she was depressed and distracted, also maintaining that the trial court erred in assessing fines, fees, and court costs because Stephenson was indigent. The trial court denied Stephenson's motion for new trial. On appeal, Stephenson (1) challenges this ruling, (2) argues that the trial court's statement that the failure of Stephenson to pay fees was not the reason the trial court revoked her community supervision is grounds for granting a new trial, and (3) complains that the omission from the appellate record of a necessary portion of the trial transcript entitles her to a new trial.

We find no abuse of discretion in the trial court's denial of Stephenson's motion for new trial and conclude that the omitted portion of the transcript is not necessary to the disposition of

2

this appeal. We further find that Stephenson forfeited her right to complain about the fines, fees, and costs assessed in the order placing her on deferred adjudication community supervision. However, we find error in the trial court's assessment of attorney's fees in its judgment adjudicating Stephenson's guilt. Because Stephenson was indigent at the time of the adjudication proceeding, it was error to assess attorney's fees against her at that time without first entering a finding, based on credible record evidence, of a change in her financial status that would enable her to pay those fees. Therefore, we modify the trial court's judgment by deleting the assessment of fees for legal services rendered during the revocation proceeding. As modified, the judgment is affirmed.

## I. Stephenson's Motion for New Trial Was Properly Denied

### A. Standard of Review

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard, reversing "only if the trial judge's opinion was clearly erroneous and arbitrary." *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012); *see Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). We are mindful of the fact that the trial court is the sole arbiter of the credibility of the witnesses and of the evidence offered. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded by rule on other grounds by State v. Herndon*, 215 S.W.3d 901 (Tex. Crim. App. 2007). Thus, we will not substitute our judgment for that of the trial court, but instead, will review the evidence in the light most favorable to the ruling to determine if the trial court abused its discretion. *Riley*, 378 S.W.3d at 457; *Wead v. State*, 129

3

S.W.3d 126, 129 (Tex. Crim. App. 2004) (under abuse of discretion standard, appellate court must uphold trial court's ruling if within zone of reasonable disagreement).

If there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous. *Riley*, 378 S.W.3d at 456–58. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support its ruling. *Id.*; *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).

**B.    The Trial Court Did Not Abuse its Discretion in Finding Stephenson's Pleas Knowing, Intelligent, and Voluntary**

A plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). To be voluntary, a plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970); *Kniatt*, 206 S.W.3d at 664. In determining the voluntariness of a plea, we consider all the relevant circumstances surrounding it. *State v. Collazo*, 264 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). "Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of the plea." *Thompson v. State*, 59 S.W.3d 802, 806 (Tex. App.—Texarkana 2001, pet. ref'd) (citing *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999) (en banc)). A defendant's sworn representation that her guilty plea is voluntary "'constitute[s] a formidable barrier in any subsequent collateral proceedings.'" *Collazo*, 264 S.W.3d at 127 (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, (1977)).

4

In its motion to proceed with adjudication of guilt, the State alleged that Stephenson failed to (1) report to her community supervision officer for three months, (2) complete community service, (3) complete an alcohol/drug evaluation, (4) complete a theft prevention class, and (5) pay fees as specified in the terms and conditions of her deferred adjudication community supervision. Stephenson entered a written stipulation of evidence and judicial confession to the allegations and pled "true" to each allegation in open court.

Stephenson alleged that she was depressed and distraught because her grandmother had passed away a few days before the trial court heard the State's motion to adjudicate guilt. During the plea process, Stephenson's counsel told the trial court,

> Your Honor, I tell the Court this. I feel she is competent to appear before this Court. At the same time, I do know she has had a history of mental and emotional problems in the past, and I believe that she is still suffering from those problems, but I have no doubt that she's competent to appear before this Court today.

The court accepted Stephenson's pleas of "true" after finding that they were entered intelligently, knowingly, and voluntarily.

Stephenson testified at the revocation hearing and provided excuses for her failure to comply with the terms and conditions of her community supervision in a coherent, reasoned manner. She asked that the court continue her on community supervision instead of adjudicating her guilty of the underlying offense. When the trial court declined to do so, Stephenson filed a motion for new trial claiming that her mental state rendered her plea involuntary.

At the hearing on the motion for new trial, Stephenson introduced her own affidavit in which she averred that she was depressed and distracted when she entered her pleas at the

revocation hearing because her grandmother had recently passed away. Stephenson claimed that she was previously treated by a physician for depression and anxiety and that she was prescribed medication for her mental state. However, Stephenson stopped taking the medication because she could not afford it. Although she was given Depacote in jail, Stephenson denied that the medication had an effect on her. Her affidavit stated that she was distraught when she entered her plea and that she did not have a clear memory of what happened on that day.

Stephenson, who was represented by counsel during the revocation proceeding, also swore in her affidavit that she did not have notice of the State's amended application to proceed with adjudication of guilt prior to the entry of her pleas of true. At the motion for new trial hearing, Stephenson withdrew this complaint after the court noted that the signed stipulation of evidence set forth all of the allegations in the State's amended application and that Stephenson had previously testified in open court that she had seen the amended application and understood it. Aside from stating that she would not have pled true to the failure to pay fees allegation because she was indigent, Stephenson did not clarify whether she would have pled true to the other allegations had she not been distracted or distraught.

Stephenson signed the stipulation of evidence in this case on July 11, 2013. At the hearing on the motion for new trial, Stephenson introduced medical records showing that she was treated for (1) depression in 1995, (2) depression and anxiety from December 2011 through May 2012, and (3) depression and anxiety in August 2013, after she signed the stipulation of evidence.

6

The trial court denied Stephenson's motion for new trial. The court remarked,

[T]he last time that the defendant indicated she was receiving any kind of treatment or any kind of medications was in May of 2012, even before she entered her original guilty plea. In her Presentence Investigation she says she's no longer under a doctor's care, that she has not been back to the doctor, cannot even remember the doctor's name. After a guilty plea hearing, the Court inquired about her mental competency. The Court questioned her, the Court questioned her attorney. She was found to be competent at that time.

At the revocation hearing, while the Court clearly understands and remembers the defendant being upset, there -- her attorney was questioned concerning her competency. [Counsel] indicated there [were] no issues concerning her competency and that she was competent. She answered all of the Court's questions, she answered questions on both direct and cross-examination.

The evidence presented to the trial court at the motion for new trial hearing demonstrated only that Stephenson was depressed, distracted, and distraught. It did not prove, however, that Stephenson failed to understand the nature of the proceedings or the consequences of her plea, and it did not prove that she was otherwise incompetent. The transcript of Stephenson's pleas demonstrated that they were intelligent, knowing, and voluntary. As the fact-finder, the trial court was free to reject Stephenson's claims that her emotions led her into a state of automatism. There is no allegation of ineffective assistance of counsel suggesting that Stephenson was misled as to the consequences of her plea, no complaint that she was improperly admonished, and no representation that she would have pled "not true" to the State's allegations, aside from the failure to pay fees allegation.

The trial court rejected Stephenson's complaint that her pleas of true were involuntary and overruled her motion for new trial on that ground. After reviewing the evidence in a light most favorable to the trial court's ruling, we conclude that no abuse of discretion has been shown.

7

**C.  The Trial Court's Statement that it Did Not Base its Decision to Revoke on Stephenson's Failure to Pay Fees Does Not Provide Grounds for a New Trial**

Stephenson pled guilty to a willful failure to pay community supervision fees.  However, at the hearing on the motion for new trial, the court stated that it did not revoke Stephenson's community supervision on her failure to pay prescribed fees.  On appeal, Stephenson used the trial court's statement to craft the following disjointed argument:

> Appellant contends that the trial court, by agreeing that Appellant should not have had her case adjudicated on the failure to pay fees, found sufficient evidence to grant a new trial as to that aspect of the State's allegations.  Moreover, as argued above, once the trial court agreed with that contention of Appellant, then the involuntariness of the plea as to the other allegations necessarily was called into question as well.  It was all of a piece; it was not subject to being parsed into involuntariness on one aspect yet voluntary as to the others.  When Appellant signed her "Stipulation" on July 11, 2013 . . . , she signed as to all four allegations. . . .
>
>        . . . .
>
> The Judgment of adjudication should, therefore, be set aside and the case remanded to the trial court for Appellant to resume her deferred adjudication community supervision.

We first note that Stephenson cites to no authority supporting this proposition.  Second, Stephenson's argument feeds on an improper premise.  The trial court did not find that Stephenson's plea to the State's allegation of failure to pay fees was involuntary.  Instead, it merely ruled that it would not revoke Stephenson's community supervision based solely on her failure to pay prescribed fees.  Rather, the decision to revoke was based on one or more of the other violations, to which Stephenson pled true.

Additionally, it is clear that a finding of true on any allegation in the State's motion to adjudicate guilt is sufficient to sustain the trial court's revocation.  *In the Matter of T.R.S.*, 115

8

S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.) (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)). Because we have concluded that Stephenson's pleas were voluntary, sufficient evidence supported the court's decision to revoke Stephenson's community supervision and adjudicate her guilt on the grounds that she failed to (1) report to her community supervision officer, (2) complete community service, (3) complete an alcohol/drug evaluation, and/or (4) complete a theft prevention class. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Because the evidence is sufficient to support the judgment, a motion for new trial was unnecessary. We overrule Stephenson's second point of error.

### III. The Evidence Was Insufficient to Support the Assessment of Attorney's Fees Against Stephenson

A claim of insufficient evidence to support imposition of court costs and/or court-appointed attorney's fees is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Stephenson complains of the assessment of fines, fees, and court costs. The State concedes that Stephenson is indigent and that the record is devoid of any determination or finding by the trial court that she had financial resources or was otherwise able to pay the appointed attorney's fees. However, the State argues that Stephenson has forfeited the right to complain about the fines, fees, and court costs that were initially assessed pursuant to her plea agreement. The State is correct on this point.

In compliance with the plea agreement under which she was placed on deferred adjudication community supervision, Stephenson expressly agreed, in open court, to pay a $500.00 fine and court costs. On August 28, 2012, Stephenson signed the order establishing her

9

conditions of community supervision and, in so doing, represented that she understood that she was to pay a $500.00 fine, $309.00 in court costs, and $977.50 in attorney's fees. The order of deferred adjudication, entered on the same date, also included these three assessments. Stephenson also executed on August 28, 2012, an express written waiver of her right to appeal. Importantly, however, this waiver was not made pursuant to the plea agreement; rather, Stephenson simply made the decision to waive her rights and did so. In keeping with the waiver, Stephenson did not file a direct appeal from the order of deferred adjudication.

Under these circumstances, Stephenson is charged with knowledge of the requirement that she pay these sums, including the fees of her court-appointed attorney. *See Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013). Therefore, she would have known to challenge the sufficiency of the evidence supporting those assessments as of the time of any direct appeal from the order of deferred adjudication. *See id.* at 321. Instead of raising any such sufficiency claims via a direct appeal from the deferral order, Stephenson waived her right to file a direct appeal, even though the terms of the plea agreement did not require this waiver. *See id.* Therefore, Stephenson forfeited her right to challenge these assessments, and that right cannot be "resuscitate[d] . . . in a later appeal from the revocation of [her] community supervision." *Id.* at 321; *see Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014).

The assessment of additional attorney's fees included in the trial court's judgment adjudicating Stephenson's guilt for legal representation during the revocation proceeding, however, is subject to neither the plea agreement (in which Stephenson agreed to pay the earlier assessed fees and costs) nor the waiver of her right to appeal. Consequently, Stephenson can

10

challenge via direct appeal the additional assessments included in the order adjudicating her guilt.

We have previously held that court costs can be recovered from indigent defendants. *Allen v. State*, 426 S.W.3d 253, 259 (Tex. App.—Texarkana 2013, no pet.). However, under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court only has the authority to order the reimbursement of court-appointed attorney's fees if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556).

Here, it is clear that the trial court assessed additional attorney's fees against Stephenson. Because Stephenson was indigent at the time and because the trial court failed to make the determinations required by Article 26.05(g), the assessment of attorney's fees for legal services rendered during the revocation proceedings was erroneous and should be removed. *See generally Mayer*, 309 S.W.3d 552; *Shelton v. State*, No. 06-13-00049-CR, 2013 WL 4506984, *1 (Tex. App.—Texarkana Aug. 22, 2013, no pet.) (mem. op., not designated for publication); *Taylor v. State*, No. 02-12-00106-CR, 2013 WL 978842, at *1 (Tex. App.—Fort Worth Mar. 14,

11

2013, pet. struck) (mem. op., not designated for publication).[1]  We sustain Stephenson's third point of error and modify the trial court's judgment to reflect a $977.50 assessment of attorney's fees.  Clearly, Stephenson must receive credit for any repayment of attorney's fees that she has already made.

## IV.     Claim of Missing Transcript Does Not Require a New Trial

Stephenson complains that there was a hearing to modify the conditions of her community supervision on February 3, 2013, which was not recorded by a court reporter.  She argues that the failure to transcribe this hearing entitles her to a new trial under Rule 34.6(f) of the Texas Rules of Appellate Procedure.  That Rule, entitled "Reporter's Record Lost or Destroyed" provides,

> An appellant is entitled to a new trial under the following circumstances:
>
> . . . .
>
> (2)     if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . . ;
>
> (3)     if the lost [or] destroyed . . . portion of the reporter's record . . . is necessary to the appeal's resolution; . . . .

TEX. R. APP. P. 34.6(f).  This Rule applies to records that have been lost or destroyed.  Here, it appears that the record was never created.  Because it was never created, it could not have been lost or destroyed.

---

[1]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed."  *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

Moreover, Stephenson cannot meet the requirements of Rule 34.6(f) of the Texas Rules of Appellate Procedure. At every stage of trial, a defendant must exercise some diligence to ensure that a record of any error will be available in the event that an appeal is necessary. *Alvear v. State*, 25 S.W.3d 241, 244 (Tex. App.—San Antonio 2000, no pet.) (citing *Piotrowski v. Minns*, 873 S.W.2d 368, 370 (Tex. 1993)). A complaint about the court reporter's failure to record proceedings can be waived. *See In re A.C.*, 387 S.W.3d 673, 676–77 (Tex. App.— Texarkana 2012, pet. denied) (citing *Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.)); *Lister v. Walters*, 247 S.W.3d 381, 383 n.1 (Tex. App.—Texarkana 2008, no pet.). There is no indication that Stephenson complained of the failure of the court reporter to transcribe or record the February 3, 2013, hearing.[2] Therefore, Stephenson cannot argue lack of fault under Rule 34.6(f)(2). *See* TEX. R. APP. P. 34.6(f)(2).

Next, in an attempt to fulfill the requirements of Rule 34.6(f)(3), Stephenson brings forth two arguments suggesting that the missing transcript was material. *See* TEX. R. APP. P. 34.6(f)(3). First, Stephenson suggests that she must have testified that she was unable to pay the fines, fees, and costs assessed. However, because Stephenson forfeited her complaint regarding the assessments imposed as a condition of her community supervision, her testimony at the later hearing is immaterial to this appeal. Second, Stephenson argues that she must have testified that she could not afford depression and anxiety medication and that this testimony would establish "her mental confusion and inability make an informed plea." However, Stephenson has

---

[2]Stephen's motion for new trial did not raise this issue.

consistently claimed that her state of mind at the time she entered her pleas was the result of her grandmother's passing, which occurred after the February 3, 2013, hearing. Therefore, her testimony at the February 3, 2013, hearing was not material to this appeal, particularly given our finding there was no abuse of discretion in finding Stephenson's pleas intelligent, knowing, and voluntary even if she was depressed and distraught.

Assuming that there was a February 3, 2013, hearing and that Stephenson testified at that hearing exactly as she suggests on appeal, the fact that such hearing was not recorded by a court reporter and/or that the transcript of that hearing is not included in the appellate record does not entitle Stephenson to a new trial because she cannot satisfy the requirements of Rule 34.6(f) since the Rule is inapplicable in this situation. *See* TEX. R. APP. P. 34.6(f). Consequently, we overrule Stephenson's last point of error.

## V. Conclusion

The trial court's assessment of additional attorney's fees for legal services rendered during the revocation proceedings is deleted from the judgment, and the judgment is modified to reflect an assessment of $977.50 for attorney's fees—the amount originally assessed by the order placing Stephenson on deferred adjudication community supervision. We further direct the trial court to ensure that Stephenson is reimbursed or otherwise credited for any attorney's fee payment already made over and above $977.50.

As modified, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     March 27, 2014
Date Decided:       June 4, 2014

Do Not Publish