**Joan Weathersbee ELLASON,
Appellant,**

v.

**Don Thomas ELLASON, Appellee.**

**No. 05–04–00569–CV.**

Court of Appeals of Texas,
Dallas.

May 13, 2005.

---

Joan Weathersbee Ellason, Plano, TX, for Appellant.

Don Thomas Ellason, Plano, TX, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

In this appeal from an order in a suit affecting a parent-child relationship, appellant Joan Weathersbee Ellason contends the trial court erred in granting appellee Don Thomas Ellason the exclusive right to determine their child's primary residence. Appellant also contends the order was signed without due process, is inconsistent with the rulings made at trial, and is not supported by legally or factually sufficient evidence. Finally, appellant argues the trial court demonstrated bias in the proceedings and ignored her requests that the child receive counseling. After reviewing the record and arguments on appeal, we conclude appellant's contentions are without merit. We affirm the trial court's order.

## I.

Appellant and her former husband, appellee, were divorced in May 2001. The original divorce decree named appellant as the sole managing conservator of appellant and appellee's only child, C.W.E. The decree also granted appellant the exclusive right to determine C.W.E.'s primary residence.

On June 26, 2003, the trial court signed an agreed order modifying the original divorce decree and naming both appellant and appellee as joint managing conservators of C.W.E. In the new order, neither appellant nor appellee was given the exclusive right to determine C.W.E.'s primary residence. Instead, the order stated that both appellant and appellee "shall each have the joint right to establish the child's primary residence within the Plano I.S.D., Plano, Collin County, Texas."

Approximately two months after the agreed order was signed, appellant filed a petition to modify the parent-child relationship requesting that she be reappointed as sole managing conservator of C.W.E. with the right to determine his primary residence. Appellant based her petition on allegations that appellee had violated an injunction regulating the parties' consumption of alcohol in C.W.E.'s presence. Appellee responded with a general denial and, on November 21, 2003, filed a cross-petition requesting that he be named as sole managing conservator of C.W.E. Attached to appellee's cross-petition was an affidavit signed by C.W.E. stating his desire to have appellee named as his managing conservator and be the person with whom he would live.

A trial was conducted before the court without a jury. As part of the trial, the trial court interviewed C.W.E. in chambers to determine his wishes as to conservatorship. On February 11, 2004, after both sides presented their case, the trial court ruled orally that appellant and appellee would remain as joint managing conservators but granted appellee the exclusive right to determine C.W.E.'s residence. The court asked the parties to confer and submit a written order for signature within thirty days.

On March 10, appellee submitted a written order along with a motion for the trial court to sign the order. Attached to the motion was a copy of correspondence from appellee to appellant's counsel discussing appellant's requested changes to the draft order. A hearing was set on the motion for March 26.

On March 26, the trial court conducted a hearing on appellee's motion to sign. Neither appellant nor her counsel appeared at the hearing. The trial court signed the order submitted by appellee naming him as the joint managing conservator with the exclusive right to determine C.W.E.'s primary residence. Appellant brings this appeal.

## II.

In her first issue on appeal, appellant contends the trial court erred in failing to dismiss appellee's counter-petition to modify the parent-child relationship because the counter-petition did not include a supporting affidavit as required by section 156.102 of the Texas Family Code. Section 156.102 states that if a person files suit seeking to modify the designation of the person having the exclusive right to determine the primary residence of a child within one year after the order sought to be modified was rendered or signed, the person filing the suit must execute and attach an affidavit showing that at least one of three conditions exists. TEX. FAM.CODE ANN. § 156.102 (Vernon Supp.2004–05). The affidavit supporting the petition must contain an allegation and supporting facts showing that either (1) the child's present environment is endangering his physical health or emotional development, (2) the person who has the exclusive right to determine the primary residence is seeking or consenting to the modification, or (3) the person who has the exclusive right to determine the primary residence has voluntarily relinquished primary care and possession of the child for at least six months and the modification is in the best interests of the child. *Id.* Appellant argues appellee failed to submit the required affidavit and, therefore, his counter-petition should never have been considered by the trial court.

We recently held in *In re R.C.S., T.C.S., J.C.S., and M.C.S.,* that, by its clear and unequivocal terms, the affidavit requirement found in section 156.102 is applicable only to suits seeking to modify the designation of a person with the exclusive right to determine the primary residence of a child. *See In re R.C.S.,* —— S.W.3d ——, ——, No. 05–04–00305–CV, 2005 WL 977827, at *2 (Tex.App.-Dallas 2005, no pet. h.). We further concluded the affidavit requirement does not apply when at the time suit is filed no person possesses this exclusive right. *Id.* The order appellee sought to modify in this case stated that both he and appellant had a *joint* right to establish C.W.E.'s primary residence. Therefore, as in *In re R.C.S.,* appellee was not seeking to modify a previously existing *exclusive* right to determine the child's residence. *See id.* Because appellee was not seeking to modify an exclusive right to determine C.W.E.'s residency, section 156.102 does not apply to appellee's counter-petition. We resolve appellant's first issue against her.

In her second issue, appellant contends the hearing on appellee's motion to sign his proposed order was conducted without due process because neither she nor her attorney was able to attend. Appellant argues there were objections to the final order she was not given an opportunity to present because the order was signed in her absence. Appellant concedes her attorney was notified of the hearing a week before it took place. Despite being aware of the hearing, appellant never moved for a continuance as required by rule 251 of the Texas Rules of Civil Procedure. *See* TEX.R. CIV. P. 251. Appellant contends her counsel requested a continuance by leaving a phone message with the trial court's Court Coordinator. Such a request does not meet the requirements of rule 251. *See id.* Furthermore, there is

no evidence in the record showing that such a request was made. The only evidence of a request that the hearing be rescheduled is an affidavit signed by appellant's counsel attached to her appellate brief. We cannot consider documents attached to briefs that do not also appear in the appellate record. *See Samara v. Samara,* 52 S.W.3d 455, 459 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). We resolve appellant's second issue against her.

Appellant's third issue alleges that the order signed by the trial court is inconsistent with the oral rulings it made at the end of trial. Specifically, the mother complains of four portions of the written order that state: (1) the child's residency is restricted to the Plano Independent School District; (2) appellee is given the option to change one of the summer visitation weekends upon notice to appellant; (3) appellee is given the exclusive right to represent the child in legal matters; and (4) court costs are allocated to appellant. Appellant contends these provisions in the written order contradict statements made by the trial court at the end of trial in which he ordered "a joint managing conservatorship with the father primary" and that the mother would be allowed "standard visitation." Appellant further argues the trial court erred in signing a decree that included matters not discussed at trial because she was not given a chance to object. As discussed above, appellant had the opportunity to object to the proposed order at the hearing on the motion to sign, but she failed either to attend the hearing or request a continuance.

■■ It is well established that "a suit properly invoking the jurisdiction of the court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession and visitation matters involving the child." *See Leithold v. Plass,*

413 S.W.2d 698, 701 (Tex.1967). Furthermore, "courts are given wide discretion in such proceedings." *Id.* The matters about which appellant complains are details involving custody and control of C.W.E. and an allocation of court costs. It was well within the trial court's jurisdiction, as well as its discretion, to make these rulings. Appellant makes no argument that the rulings were unsupported or an abuse of discretion.

Appellant suggests that appellee misrepresented the contents of the order when he presented it to the trial judge to be signed. To the extent appellant is implying that appellee committed a fraud on the trial court, she gives no argument or authority to support such a claim. We resolve appellant's third issue against her.

■■ Appellant combines her arguments under her fourth and tenth issues to contend that the trial court demonstrated bias against her during the course of the proceedings in this case. Appellant points to various rulings and actions at trial, as well as the trial judge's comment that he had a son the same age as C.W.E., to argue there is "significant concern" the court was not objective. All parties have a right to a fair and impartial trial before a neutral judge. *See Markowitz v. Markowitz,* 118 S.W.3d 82, 86 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). It is only in the rarest circumstances, however, that judicial rulings demonstrate the degree of favoritism or antagonism necessary to show that a fair and impartial trial was not possible. *Id.* at 87. Rulings with which a party disagrees are best brought as grounds for appeal rather than evidence of judicial bias. *Id.*

The only ruling about which appellant complains is the trial court's refusal to dismiss appellee's counter-petition under section 156.102 of the Texas Family Code. As discussed above, this ruling was correct

because section 156.102 did not apply to appellee's counter-petition.

Appellant also states the court made comments during trial that showed bias against her. For example, appellant notes the trial court referred to appellant's private investigator's report as hearsay and "initially declined to allow [the report] as an exhibit." A review of the record demonstrates that, when appellant's counsel offered the investigator's report as an exhibit, the trial court questioned whether the report would be hearsay because the investigator was present to testify about its contents. The trial court never denied any request for its admission but, after discussing the hearsay issue, told the lawyer to "do whatever you want to do, do it your way." Appellant's lawyer never re-offered the report as an exhibit. The trial court did nothing, therefore, to prevent the report from being admitted into evidence.

Another trial court comment about which appellant complains is the court's statement made when it asked the parties to prepare an order. The judge stated that he hoped the parties would not "go back and forth forever on what the appropriate order is." It is unclear why appellant feels this comment demonstrates bias against her as it was not directed solely to her or her counsel. Indeed, if the comment was directed at any party, it appears to have been intended for appellee who, the court noted, was appearing pro se and, therefore, would not have a lawyer helping him prepare the order.

The remaining matters noted by appellant involve the trial court's alleged disregard of her evidence at trial. These complaints are properly brought as challenges to the legal or factual sufficiency of the evidence. *See id.* After examining the record, we conclude the trial court did not exhibit any bias or antagonism in this case that would prevent it from rendering a fair judgment. We resolve appellant's fourth and tenth issues against her.

■ Appellant's challenges to the sufficiency of the evidence are found in her fifth, sixth, seventh, eighth, and ninth issues. All five issues center on the trial court's decision to grant appellee the exclusive right to determine C.W.E's primary residence and its failure to require counseling for the child. A court may modify an order providing the terms and conditions of conservatorship if the modification would be in the best interests of the child and "the child is at least twelve years of age and has filed with the court, in writing, the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child." TEX. FAM.CODE ANN. § 156.101 (Vernon Supp.2004–5). In this case, C.W.E. signed an affidavit stating his choice of appellee as the person with whom he wished to live. Accordingly, the trial court had grounds upon which to modify the order to grant appellee the right to determine the child's residence so long as the evidence also showed this modification was in C.W.E.'s best interest.

■ Appellant argues there is insufficient evidence of C.W.E.'s preference of residency because there was no reporter's record made of the trial court's interview of the child in chambers. The Texas Family Code provides, that in a nonjury trial, the court may "interview the child in chambers to determine the child's wishes as to conservatorship." TEX. FAM.CODE ANN. § 153.009 (Vernon 2002). The Code further provides that "on the motion of a party or on the court's own motion, the court shall cause a record of the interview to be made when the child is 12 years of age or older." *Id.* Because C.W.E. was fifteen years old at the time of his interview, appellant had the right to request that a record be made of C.W.E.'s discus-

sion in chambers with the trial court. Appellant fails to point out anywhere in the record, however, where she requested such a record. Absent a request that a record be made, appellant has waived her right to complain that no record was made of the interview. *See Voros v. Turnage*, 856 S.W.2d 759, 763 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

Even without a record of the interview, there is sufficient evidence that C.W.E. made a deliberate choice to reside with his father. The affidavit signed by C.W.E. attached to appellee's cross-petition states that C.W.E. wants to live with his father. This alone fulfills the requirements of section 156.101. TEX. FAM.CODE ANN. § 156.101 (Vernon 2002). Additionally, the social study prepared at the trial court's request states that, although C.W.E. would be "agreeable" to continuing the present custody arrangements with some modifications to allow him more time with his father, his true desire is to "live with his dad and visit with his mom by agreement between him and her." The only evidence appellant points to in an attempt to contradict the above evidence is the fact that appellee prepared the affidavit C.W.E. signed several months after appellant sought to modify the conservatorship arrangement. Appellee suggests the affidavit was signed as a result of undue influence. But appellant produced no actual evidence of undue influence. We conclude the evidence produced at trial was sufficient to show that C.W.E. properly made his choice of residency as required by the Texas Family Code. *See* TEX. FAM.CODE ANN. § 156.101 (Vernon Supp.2004–5).

In challenging the trial court's finding that granting appellee the exclusive right to determine C.W.E.'s residency was in the child's best interests, appellant focuses on her own extensive testimony accusing appellee of having a drinking problem. In contrast to appellant's testimony, the record contains evidence that appellee is a pilot and was subjected to random drug and alcohol testing, all of which he passed. Appellee also passed a screening test ordered by the court and the court ordered social study contains statements from friends and relatives stating that they never saw appellee intoxicated. Appellee had no record of driving while intoxicated or any other alcohol-related offenses.

Appellant also states the court erred in concluding that residing with appellee was in C.W.E.'s best interests because appellee's job as a pilot requires him to be away from home much of the time. Although appellee travels with his job, he has remarried and lives with his new wife and two step-children. There is evidence that C.W.E. has a good relationship with his step-mother and step-siblings and that the home environment would be a positive experience for C.W.E.

The remainder of appellant's complaints involve her disagreements with appellee about various aspects of parenting, such as discipline, education, and medical treatment. This "evidence" shows only a divergence of opinion between appellant and appellee and does not demonstrate that residing with appellee would not be in C.W.E.'s best interests.

It should be noted that in initially ordering a joint managing conservatorship, the trial court was required to designate a conservator with an exclusive right to determine the child's primary residence. *See* TEX. FAM.CODE ANN. § 153.134 (Vernon 2002). The trial court's earlier order granting appellant and appellee the joint right to determine C.W.E.'s residence was not in compliance with the Texas Family Code. *See id.; see also, In re R.C.S.*, —— S.W.3d at ——, 2005 WL 977827, at *2. Modification of the order was necessary, therefore, to meet the requirements of

state law. After examining the record, we conclude the evidence is legally and factually sufficient to support the trial court's decision to grant the exclusive right to determine C.W.E.'s residency to appellee instead of appellant.

Appellant also challenges the sufficiency of the evidence to support the trial court's decision not to require counseling for C.W.E. It is unclear from the record whether the trial court denied appellant's request that C.W.E. receive counseling or merely left it to the parties to resolve before submitting a written order. Even if the court refused to order counseling, we conclude the evidence was sufficient to support the trial court's decision and the trial court did not abuse its discretion in failing to require counseling for the child.

We resolve appellant's fifth, sixth, seventh, eighth, and ninth issues against her. We affirm the trial court's order.