

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00022-CV

———————————————

CESAR DE LOS REYES, Appellant

V.

NORMA LETICIA MARIS; J&K TRUCK SALES, LLC; AND JOSE
FERNANDEZ, Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-306954-19

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

## I. Introduction

Appellant Cesar De Los Reyes raises six issues challenging a summary-judgment order that dismissed with prejudice his claims against Appellees J&K Truck Sales, LLC and Jose Fernandez (collectively Appellees). The remaining defendant in the trial court, Norma Leticia Maris, will be mentioned by name, but only briefly, because Appellant's claims against her were disposed of in a no-answer default judgment and because he does not challenge any aspect of the relief granted against her.[1]

Appellant is disgruntled with the treatment that he claims he received in the trial court.[2] Appellant's first three issues assert that the trial court's rulings in a bench trial demonstrated bias, that the trial court also demonstrated bias by sua sponte declaring a mistrial after it had heard evidence in the bench trial, and that the trial court should have recused itself after granting the mistrial. These issues fail. We will detail below how Appellant has failed to preserve error on his bias and recusal claims, has failed to establish that the trial court acted with bias, and has failed to bring

---

[1]Because Appellant does not challenge the relief granted against Maris in the default judgment, we affirm the trial court's default judgment disposing of Appellant's claims against Maris.

[2]For purposes of consistency, we use the term "trial court" throughout even when referring to Appellant's issues that are directed at the trial judge's conduct.

forward an adequate record to establish that the trial court made the statements that he claims revealed a bias.

In his fourth issue, Appellant complains that the trial court abused its discretion by withdrawing an interlocutory order granting his motion for summary judgment and entering an order denying that motion. Appellant ignores the trial court's discretion to withdraw an interlocutory order so long as it retains plenary jurisdiction and does not use the withdrawal of the order as a means of cutting off a party's ability to present its claims. Application of these principles shows that the trial court acted within its discretion to withdraw and alter its rulings on Appellant's summary-judgment motion.

Finally, in his fifth and sixth issues, Appellant argues that the trial court erred when it granted Appellees' motion for summary judgment and denied his. Appellant has waived these claims of error because of disregard for the rules governing the presentation of appellate issues to this court.

Accordingly, we affirm the trial court's summary judgment.

## II. Factual and Procedural Background

The factual background of this matter is not complex, and that background has little impact on the resolution of Appellant's issues. We will give only enough background to place those issues in context.

3

Appellant purchased a Freightliner tractor from Maris. At the time of the purchase, Maris gave Appellant a copy of the tractor's title. Appellant's subsequent efforts to obtain the original title from Maris failed.

Appellant learned that J&K had sold the tractor to Maris. Appellant contacted J&K and spoke to the owner—Fernandez—who allegedly refused to surrender the original title to the tractor.

Appellant sued both Maris and Appellees. In his live petition, Appellant alleged that Appellees' claim of a lien on the tractor was fraudulent and that Appellees were withholding the tractor's title as leverage to collect monies owed by Maris for a transaction unrelated to the tractor sale. The petition alleged causes of action against Maris for breach of contract, promissory estoppel, violations of the Texas Deceptive Trade Practices Act, and fraud. Against the Appellees, the petition alleged causes of action for tortious interference with contract, use of a fraudulent lien, and conspiracy.

The procedural background of this matter is also not complex, but it is unusual. As noted, Maris drops from our discussion because she never answered Appellant's suit.

Appellant filed a motion for summary judgment against Appellees; he subsequently amended the motion and then withdrew the amendment and opted to proceed on his original motion. The trial court granted a limited aspect of the summary-judgment motion and ordered Appellees to deliver the tractor's title to Appellant. Appellees complied with this order.

4

A few months after signing this order, the trial court conducted a bench trial. After hearing the parties' evidence, the trial court sua sponte declared a mistrial and stated that it was going to reset the case to a later date.

The day after declaring the mistrial, the trial court withdrew the order that it had previously signed granting a portion of Appellant's summary-judgment motion. On the same date, the trial court signed an order denying that motion. Appellees then filed a traditional and no-evidence motion for summary judgment. Appellant responded to the motion. The trial court granted Appellees' motion for summary judgment. This judgment became final when the trial court signed a default judgment against Maris. Appellant then filed a notice of appeal.

### III. Analyses and Holdings

**A.  We overrule Appellant's first issue claiming that the record demonstrates bias on the part of the trial court.**

Appellant's first argument goes on for seventeen pages, examining almost every ruling on objections made by the trial court during the bench trial in which a mistrial was granted. We are unsure of the nature of Appellant's complaint. Appellant prefaces his argument by stating,

> Appellant appeals numerous incorrect evidentiary rulings by the trial court that deprived Appellant of the right to effectively present his case[] that, when viewed collectively, show that Appellant was deprived of his right to a fair trial before an impartial tribunal.

If Appellant's argument is that the trial court erred in its specific rulings, we do not understand how the effect of those rulings harmed him. The trial court did not

5

enter a judgment after the bench trial. Further, Appellees filed the bench-trial record in support of their motion for summary judgment, and Appellant filed the same in support of his response to that motion. Thus, if we reached the issue, our review of the summary judgment would be whether the bench-trial record established the grounds for Appellees' motion for summary judgment as a matter of law or if it contained evidence raising a fact question. Our review would not involve whether the trial court made proper rulings during the bench trial or gave Appellant an adequate opportunity to present his case. Thus, the only harm that Appellant can claim from the rulings is that they allegedly reveal a harmful bias on the part of the trial court. A claim of bias predicated on the bench-trial rulings fails. As discussed below, Appellant has not preserved error; trial rulings are not a proper basis to establish bias; and even if the trial court's rulings suggest frustration with Appellant or his counsel, expressions of frustration and annoyance do not in and of themselves establish bias.

The types of rulings that Appellant predicates his argument on include the following: (1) objections to leading, nonresponsive, and speculative questions and answers; (2) hearsay objections; and (3) the trial court's refusal to permit Appellant's counsel to question opposing counsel about settlement negotiations. For the sake of efficiency, we do not include the lengthy quotations from the record set forth in Appellant's brief. Also, resolving Appellant's issue through the prism of bias makes it unnecessary to catalog the rulings as they are typical rulings that trial courts make during any trial or hearing.

First, we address Appellant's failure to preserve error because he did not object to the trial court's actions that he contends demonstrate bias. A party usually must object to a trial court's allegedly improper conduct or comments. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). But as we noted recently, "[i]n the context of a bench trial, if the error is incurable, courts excuse a party's failure to preserve error." *Song v. Kang*, No. 02-18-00375-CV, 2020 WL 1808487, at *8 (Tex. App.—Fort Worth Apr. 9, 2020, pet. denied) (mem. op.). In this stance, the exception to the need to object "essentially requires a harm analysis—whether the error probably caused the rendition of an improper judgment—to determine whether the error was incurable and, thus, not subject to waiver." *Id.* As we stated in another case, "if a judge's bias and prejudice as shown on the face of the record were harmful, thereby depriving a litigant of his important constitutional right to a fair trial with an impartial fact[]finder and resulting in an improper judgment, then a party's failure to object does not waive the complaint." *In re L.S.*, No. 02-17-00132-CV, 2017 WL 4172584, at *16 (Tex. App.—Fort Worth Sept. 21, 2017, no pet.) (mem. op.). As we explain next, the trial court's rulings in the bench trial hardly demonstrated bias or prejudice that was apparent on the face of the record and obviated the need for an objection. Thus, Appellant has failed to preserve error.

We begin our review of the trial court's actions by noting that it is a given that all parties have the right to a fair trial before a fair and impartial judge. *Ellason v. Ellason*, 162 S.W.3d 883, 887 (Tex. App.—Dallas 2005, no pet.). However, "[i]n the

absence of clear proof to the contrary, we presume a trial judge is impartial and unbiased." *Place v. McCoy*, No. 01-20-00186-CV, 2021 WL 3500989, at *5 (Tex. App.—Houston [1st Dist.] Aug 10, 2021, no pet.) (mem. op.). "To reverse a judgment on the ground of improper conduct or comments of the judge, we must find (1) that judicial impropriety was in fact committed and (2) probable prejudice to the complaining party." *Id.*

Bias on the part of the trial court can seldom be established solely on the court's judicial rulings. *Song*, 2020 WL 1808487, at *7. As we noted in *Song*,

> [w]hen presented with allegations of judicial bias, the United States Supreme Court has written that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and that the opinions a judge forms during a trial do not call into question a judge's bias or partiality "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)); *see also* Tex. R. Civ. P. 18a(a)(3) (requiring a motion to recuse "must not be based solely on the judge's rulings in the case").

Further, even overt statements of dissatisfaction with a party, their counsel, or their claims seldom establish a bias of such proportion that a party was deprived of a fair trial. Specifically,

> "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." [*Francis*, 46 S.W.3d at 240] (citing *Liteky*[, 510 U.S. at 555, 114 S. Ct. at 1157]). Expressions of "impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. *Id.*

8

*Haynes v. Union Pac. R.R. Co.*, 598 S.W.3d 335, 356 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd); *see also Hamilton v. Hamilton*, No. 02-19-00211-CV, 2020 WL 6498528, at *11 (Tex. App.—Fort Worth Nov. 5, 2020, no pet.) (mem. op.) ("[A] judge's ordinary efforts at courtroom administration are immune from judicial-bias allegations.").[3]

Here, the bench-trial record contains no statements that indicate a bias by the trial court; indeed, the massive quotations from the record do not contain expressions of impatience or annoyance at all. Instead, Appellant's claim of bias stands on a litany of the types of rulings that trial judges make from minute to minute during trial. These rulings hardly demonstrate an incurable bias that obviated the need to object to what Appellant considered biased treatment by the trial court. Appellant should have objected if he truly believed he had a meritorious challenge to the trial court's impartiality. Thus, as an initial matter, we conclude that Appellant has failed to preserve error. Beyond that failing, his contentions merely demonstrate disagreement with the trial court's rulings, but the rulings themselves do not reveal a deep-seated favoritism or antagonism that suggests fair judgment on the part of the trial court was impossible. Thus, we reject Appellant's contention that the rulings establish that the

---

[3]If Appellant is arguing that he suffered cumulative harm from the number of errors that the trial court committed, that argument does his bias claim no good. *See Haynes*, 598 S.W.3d at 357 ("[W]e found no errors regarding [appellant's] preserved complaints of bias, and, therefore, we need not undertake a cumulative-harm analysis.").

trial court harbored a bias that deprived him of (as he puts it) "a fair trial before an impartial tribunal."

We overrule Appellant's first issue.

### B.    We overrule Appellant's second issue claiming that the trial court abused its discretion by granting a mistrial.

In his second issue, Appellant contends that the trial court abused its discretion by granting a mistrial after the conclusion of the testimony in the bench trial. We hold that the trial court did not abuse its discretion.

The trial court conducted a bench trial via Zoom. The trial record consumes 150 pages. At the close of the testimony, the trial court requested that the parties submit their closing arguments in a letter. The trial court then heard an offer of proof by Appellant. After the offer of proof, the trial court requested that the parties go off the record. After the off-the-record discussion, the trial court declared a mistrial with the following pronouncement:

Let me go back on the record.

Based on the frustrations that we've had with [Z]oom and based on the evidence, I'm going to declare a mistrial for today's trial. I will notify the parties of the date that the trial will be reset. I also have informed the parties that I'm going to look at the summary[-]judgment order that was signed back in April. I'll notify you guys of any further settings.

Appellant's counsel objected to the mistrial by stating, "[Appellant] just objects."

Appellant argues (1) that the trial court erred because it should not have taken the extreme step of granting a mistrial; (2) that if the trial court thought that it had

10

heard inadmissible evidence, it had the power to remedy the problem by disregarding that evidence in deciding the case; and (3) that during the off-the-record discussion, the trial court made statements critical of Appellant's counsel. With these bases, Appellant argues that

> [b]ased upon the above unfolding of events—how Appellant went from being able [to] make [a] closing argument to the court (albeit in writing) to having a mistrial declared, with only Appellant's counsel's making an offer of proof on an evidentiary issue occurring in the interim—***the only possible conclusion*** *is that the trial court was operating unfairly, with bias against Appellant's counsel, and the mistrial was an unjust abuse of discretion by the trial court.* [Emphases added.]

As with his prior issue, Appellant believes the trial court acted improperly, but that action does not compel the implication that Appellant claims is the only possible conclusion—that the trial court was biased.

A decision to grant a mistrial is tested under an abuse-of-discretion standard. *Schlafly v. Schlafly*, 33 S.W.3d 863, 868 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). "In reviewing the trial court's decision, an appellate court does not substitute its judgment for that of the trial court but decides whether the trial court's decision constitutes an abuse of discretion." *In re R.N.*, 356 S.W.3d 568, 575 (Tex. App.—Texarkana 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). The burden is on the appellant to produce a record that shows the trial court abused its discretion. *Roman v. Halverson*, 587 S.W.3d 509, 512 (Tex. App.—El Paso 2019, pet. denied).

Here, taken at face value, the trial court ordered a mistrial because the presentation of the case and problems with the operation of Zoom inhibited its ability to decide the matter. This demonstrates the flaw in the linchpin of Appellant's argument: the trial court was granting a mistrial not because it had heard inadmissible evidence but because problems with Zoom impaired its ability to hear the evidence at all. Appellant also does not argue that the trial court's justification for a mistrial, if true, would be an invalid reason to declare a mistrial. Instead, he argues that we should look behind the trial court's statements and conclude that the trial court was operating unfairly and had developed a bias toward Appellant's counsel.

We, however, are not mind readers. We have no ability to look behind a trial court's statements and search for an ill motive unless there is something of record that explicitly indicates that the trial court harbored a bias that rendered it unable to rule fairly. *Cf. Gaal v. State*, 332 S.W.3d 448, 452 (Tex. Crim. App. 2011).[4]

---

[4]The appellant in *Gaal* challenged a trial court's refusal to recuse itself after stating "that the only plea bargain he would accept would be for the maximum sentence." *Id.* at 449. The appellant challenged a statement by the judge hearing the recusal motion for not following a proper recusal standard because that comment suggested the judge was relying on a subjective standard of bias rather than the objective standard specified by Rule 18b(b)(2). *Id.* at 459. The Court of Criminal Appeals described the statement as a recognition that the appellant was attacking the recusal judge for not adopting the appellant's interpretation of the trial judge's motive and that the recusal judge was correct in not speculating what motive the trial judge was operating under unless the record indicated what that motive was:

> The recusal judge's remark, in context, was simply that there is nothing in the record to rebut the natural inference that the trial judge's statement was based on [the] appellant's pre[]trial behavior—as reflected

12

Appellant also claims that explicit statements revealing a bias were made during an unrecorded bench conference. This effort is also unavailing. We cannot rely on an unrecorded bench conference, and even if we could, again, the trial court's statements do not reveal bias.

First, it is Appellant's burden to bring forward a record to establish his claim of error, and he has not done so when the reporter's record does not include the bench conference. *See Haynes*, 598 S.W.3d at 356 (showing that unclear record about events during bench conference caused court to conclude that appellant had "failed to bring forward a record clearly showing what comments, if any, the jury heard"); *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (holding that appellant bears burden to bring forward on appeal sufficient record to show error committed by trial court and that appellant's failure to obtain reporter's record containing challenged ruling made it impossible for appellate court to determine that trial court had erred).

Second, we have already noted that expressions of annoyance and dissatisfaction are not sufficient to show bias "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Haynes*, 598

in the [c]ourt's file. The file contained evidence of delaying tactics and continued criminality on bond—an objectively reasonable basis to not consider a plea bargain. It was [the] appellant who speculated about what was going through the judge's mind and read more into his statement than it fairly conveys.

*Id.*

13

S.W.3d at 356. Appellant claims that the trial court made two statements during the bench conference, which he describes as follows:

> Immediately after Appellant's counsel finished making his offer of proof, the trial court went off the record and admonished Appellant's counsel, stating, among other things, that "this was the worst presentation of evidence the trial court judge had ever seen." The trial court also made a generic reference to "[Appellant's counsel's] behavior[]" but did not elaborate. [Footnotes and record references omitted.]

Even assuming that the trial court made the statements, these expressions of annoyance do not establish that the trial court held a bias making it impossible for it to rule fairly.

We overrule Appellant's second issue.

### C. We overrule Appellant's third issue claiming that the trial court should have sua sponte recused itself.

As we understand his third issue, Appellant argues that the trial court should have sua sponte recused itself after granting a mistrial. Appellant does not cite Rule 18b of the Texas Rules of Civil Procedure that governs recusal, but we assume that his argument is predicated on either Rule 18b(b)(1) when "the judge's impartiality might be reasonably questioned" or Rule 18b(b)(2) when "the judge has a personal bias or prejudice concerning the subject matter or a party." *See* Tex. R. Civ. P. 18b(b)(1), (2).

But Appellant references no motion to recuse that he filed, and we can find none in the clerk's record or any mention of recusal in the reporter's record.

Appellant has failed to preserve error on his recusal claim. The Dallas Court of

Appeals faced a similar unpreserved recusal claim:

> [Appellant] argues that the trial judge should have recused himself under Texas Rule of Civil Procedure 18b(b)(1). Specifically, [appellant] contends that the trial judge's impartiality could reasonably be questioned because while this case was pending [appellant] simultaneously appealed a judgment rendered by the same judge in a different case. *See Russell v. Dallas* [*Cnty.*], No. 05-17-01475-CV, 2019 WL 911713 (Tex. App.—Dallas Feb. 25, 2019, pet. denied) (mem. op.). But [appellant] doesn't assert that he filed a recusal motion in the trial court, and we find none in the clerk's record.
>
> "The procedural requirements for recusal are mandatory and failure to file a proper motion will result in waiver of the recusal issue on appeal." *Johnson v. AT&T Servs., Inc.*, No. 05-10-01426-CV, 2012 WL 479736, at *1 (Tex. App.—Dallas Feb. 15, 2012, no pet.) (mem. op.). Because [appellant] didn't file a proper recusal motion in the trial court, he forfeited his recusal argument.

*Russell v. Dall. Cnty.*, No. 05-18-01400-CV, 2019 WL 5616899, at *1 (Tex. App.—

Dallas 2019, no pet.) (mem. op.). Similarly, Appellant has waived any recusal claims

by failing to assert them in the trial court.

We overrule Appellant's third issue.

**D. We overrule Appellant's fourth issue claiming that the trial court should not have sua sponte withdrawn its prior summary-judgment orders.**

In his fourth issue, Appellant contends that the trial court erred in sua sponte

withdrawing a prior summary-judgment ruling in his favor and then denying his

motion for summary judgment. The trial court signed these orders the day after it

15

had conducted the bench trial and declared a mistrial. The prior summary-judgment order had granted Appellant's motion for summary judgment to a limited extent and had ordered Appellees "to sign the Truck's title releasing [Appellee] J&K's purported lien and deliver same to [Appellant's] attorney." As noted, Appellees complied with this order and delivered the title to Appellant.

Without citing authority—other than one section of the Uniform Commercial Code—Appellant argues that nothing occurred during the bench trial to warrant the trial court's withdrawal of its prior summary-judgment order. Appellant also argues,

> [T]o vacate its prior order meant that the trial court believed that this case made it all the way from Appellant's counsel's January 3, 2019 demand letter . . . to the September 23, 2020 bench trial on the merits over Appellee Fernandez's claim of $400.00 when Appellant had already paid $12,000.00 to purchase the truck and was paying $120.00 a month to park it without being able to lawfully operate it.

We cannot penetrate what argument this sentence attempts to convey.

Also, nowhere in his argument does Appellant acknowledge that so long as a trial court retains plenary jurisdiction, it may withdraw an interlocutory order. *See Bi-Ed, Ltd. v. Ramsey*, 935 S.W.2d 122, 123 (Tex. 1996); *Elder Constr., Inc. v. City of Colleyville*, 839 S.W.2d 91, 92 (Tex. 1992). The only check on this power is that a trial court may not deprive a party of its ability to try the issues raised in a summary judgment once the prior ruling is withdrawn. As the supreme court has explained,

> [W]e do not agree that the trial court was authorized to determine prior to trial that certain issues were established as a matter of law, conduct the trial on that basis, and then withdraw its ruling without affording the parties a fair opportunity to present to the jury their positions on issues

16

no longer taken to be established. It was proper for the trial court to reverse a prior interlocutory ruling upon reconsideration; it was not proper, however, for the trial court to deny the parties a trial on the issues thereby reinjected into the case.

*Elder Constr.*, 839 S.W.2d at 92.

Appellant does not argue that the trial court's withdrawal of its prior summary judgment denied him the opportunity to present his case on issues no longer established by a prior summary-judgment ruling. When the trial court declared a mistrial, it indicated that it was going to reset the matter and also "look at the summary[-]judgment order" that it had previously signed. The trial court then resolved the case by granting Appellees' summary-judgment motion. The trial court's approach was unusual, but that approach did not foreclose Appellant from presenting the issues raised in his summary-judgment motion or by any other means he chose. Further, Appellant suffered no prejudice from the trial court's action because Appellees delivered the tractor's title in compliance with the order, and there is no indication that Appellees sought return of the title when the trial court withdrew the summary-judgment order. Indeed, the parties that could have complained of prejudice from the trial court's actions were Appellees, but they do not do so.

We overrule Appellant's fourth issue.

17

**E.** **We overrule Appellant's fifth and sixth issues challenging the trial court's summary-judgment orders because Appellant's brief is so deficient that he has waived his claims of error.**

**1.** **The principles of briefing waiver that we apply to Appellant's fifth and sixth issues.**

We dispose of Appellant's fifth and sixth issues because they so violate—indeed, ignore—the briefing rules that they waive error. The principles that we apply to reach this conclusion apply to both issues; thus, we explain those principles before reaching our discrete disposition of each issue.

It is within our discretion to conclude that a party has waived an argument because it failed to adequately brief the issue. *Fredonia State Bank v. Gen. Am. Life Ins.*, 881 S.W.2d 279, 284 (Tex. 1994). Justice Osborne of the Dallas Court of Appeals recently provided a concise description of the rules governing the proper briefing of an issue:

> An appellant has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules. *Amir-Sharif v. Tex. Dep't of Family & Protective Servs.*, No. 05-13-00958-CV, 2015 WL 4967239, at *2 (Tex. App.—Dallas Aug. 20, 2015, pet. denied) (mem. op.); *Ayati-Ghaffari v. Gumbodete*, No. 05-14-01019-CV, 2015 WL 4482158, at *3 (Tex. App.—Dallas July 23, 2015, no pet.) (mem. op.); *Cruz v. Van Sickle*, 452 S.W.3d 503, 511 (Tex. App.—Dallas 2014, no pet.). The Texas Rules of Appellate Procedure have specific requirements for briefing. Tex. R. App. P. 38; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). These rules require appellants to state their complaint concisely; to provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law; and to cite and apply law that is applicable to their complaint along with record references that are appropriate. Tex. R. App. P. 38.1(f), (h), (i); *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018); *see also Bolling*, 315 S.W.3d at

895. This requirement is not satisfied by merely making brief, conclusory statements unsupported by legal citations. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). And references to sweeping statements of general law are rarely appropriate. *Bolling*, 315 S.W.3d at 896.

*Eco Planet, LLC v. ANT Trading*, No. 05-19-00239-CV, 2020 WL 6707561, at *5 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (mem. op.) (Osborne, J., concurring).

The Rules of Appellate Procedure dictate that we require only substantial compliance with the standards outlined in Justice Osborne's quote. *See* Tex. R. App. P. 38.9 ("Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient . . . ."). "Accordingly, briefs are to be liberally, but reasonably, construed so that the right to appeal is not lost by waiver." *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019). For example, when surveying an issue raised by the party, we must address any issue fairly included in the issue as it is phrased by the party. *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 215 (Tex. 2020). We must also examine a party's issue to decide whether it is "sufficient to put [us] on notice" and "to invite [us] to correct any error of law." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 481 (Tex. 2019).

But we do not and cannot assume the responsibility of doing the parties' briefing for them. Our role is to review the arguments made and dispose of the appeals; we cannot search the record and research the law to formulate parties' arguments for them. *See* Tex. R. App. P. 38.1(i); *see also Bolling*, 315 S.W.3d at 895.

19

Simply put, we are not advocates for any of the parties. *Jones v. Am. Real Estate Inv.*, No. 05-19-00546-CV, 2020 WL 5834301, at *1 (Tex. App.—Dallas Oct. 1, 2020, no pet.) (mem. op.). We adhere to this rule even when a party is pro se. *Id.*

When we encounter a party's argument that fails to meet the standards of adequate briefing, the question becomes how do we respond: Do we conclude that the issue is waived or order the offending party to rebrief? The appellate rules give us the discretion to request rebriefing for both substantive and formal defects, even if those formal defects demonstrate a flagrant violation of the rules. *See* Tex. R. App. P. 38.9(a), (b); *see also St. John Missionary Baptist Church*, 595 S.W.3d at 215–16. The appellate rules also instruct that we "must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." Tex. R. App. P. 44.3. "Nevertheless, it is 'settled' that 'an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing' and 'whether that discretion has been properly exercised depends on the facts of the case.'" *Horton*, 591 S.W.3d at 569–70 (quoting *Fredonia State Bank*, 881 S.W.2d at 284). The supreme court has recently instructed us that we should exercise our discretion to order rebriefing when a brief contains harmless procedural defects, and the technical defects can be easily corrected. *Id.*

20

And in making the decision whether rebriefing should be permitted, we should consider not only the appellant's perspective but also that of the court and the opposing party. As Justice Osborne summarized,

> The interests of justice, which demands that cases be decided on the merits when technical deficiencies in briefing can be easily corrected[,] must be balanced against the importance of [Texas Rule of Appellate Procedure] 38.1, which both requires the appellant to inform the court of the basis for the relief sought and to put an appellee on notice of the errors claimed and the basis for such errors so the appellee may adequately defend the ruling on appeal.

*Eco Planet*, 2020 WL 6707561, at *6 (Osborne, J., concurring).

### 2. We hold that Appellant has waived his fifth issue.

In his fifth issue, Appellant argues that the trial court should not have granted Appellees' motion for summary judgment. The entirety of Appellant's argument under his fifth issue is as follows:

> "In a summary[-]judgment case, the issue on appeal is whether the movant met the summary[-]judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 153 (Tex. App.—Fort Worth 2007, pet. denied) (citations omitted). *Appellant incorporates herein by reference his Response to Defendant J&K Truck Sales, LLC's and Jose Fernandez's No-Evidence and Traditional Motions for Summary Judgment filed with the trial court on November 3, 2020, as well as his Post-Hearing Brief on* [Tex. Civ. Prac. & Rem. Code Ann.] §[ ]12.002 *filed on November 11, 2020.*
>
> Appellant would like to point out the fact that the exact same evidence was proffered by Appellees J&K and Appellee Fernandez at the September 23, 2020 trial that was relied upon in their motions for summary judgment. However, at trial, with a preponderance of the evidence standard, the trial court ordered a mistrial, but on Appellee[s'] motions for summary judgment when the standard is much higher, the

21

trial court grant[ed] Appellees' motions. [Record references omitted.] [Emphasis added.]

The motions, response, and supporting evidence that Appellant casually refers us to consume almost 400 pages of the clerk's record. In essence, Appellant points us to the title of the documents in the clerk's record and expects us—without any guidance even as to what the issues involved in the summary-judgment motions were—to sort out whether the trial court ruled correctly. Appellant, who is represented by two licensed attorneys, has put the burden on this court to write his brief for him. This approach is not one involving harmless procedural defects or easily correctable technical defects. Instead, he completely abdicates the duty to brief an issue in compliance with the rules. When a party acts with such indifference to the rules' substantive requirements, we prioritize the court's obligations to process the cases of the other litigants who have complied with the rules and not to allocate more of this court's limited resources to the disposition of this case by ordering Appellant to rebrief.[5]

---

[5]Appellant briefly describes Appellees' motion and his response in his brief's statement of facts. The two paragraphs of description add little to his argument about the documents:

> v. Appellees J&K and Fernandez filed a single motion for both traditional and no-evidence summary judgment. In support, Appellees J&K and Fernandez offered only the evidence and testimony offered at the September 23, 2020 bench trial, and their no-evidence motion for summary judgment failed to point out the elements [that] Appellant could not produce evidence on.

Also, Appellees did not file a brief in this case and have filed a response stating that "Appellees[] J&K Truck Sales, LLC and Jose Fernandez have instructed counsel that they do not wish to file a response brief and incur additional and further costs. Appellees believe [that] the [c]lerk's [r]ecord speaks for itself and [that] there is no reversible error." To order rebriefing would put Appellees to the possible expense of filing a brief that they do not want to incur when they have already relied on the inadequate brief filed by Appellant to avoid that expense. We exercise our discretion to hold that Appellant waived the claim of error in his fifth issue.

We overrule Appellant's fifth issue.

### 3. We hold that Appellant has waived his sixth issue.

In his sixth issue, Appellant argues in his heading that we should render judgment "[b]ased [o]ff the September 23, 2020 [bench] [t]rial [r]ecord." Appellant's argument under his sixth issue is even sparser than the one made under his fifth issue. Appellant sets forth three sentences stating that:

> Appellant knows that Texas Courts of Appeal do not substitute their judgment for that of the fact[]finder at trial. However, due to the nature of the proceedings below, Appellant believes this case is appropriate for this [c]ourt to do just that. Appellant requests [that] this [c]ourt use the record from the September 23, 2020 bench trial, in addition to the

---

w. Plaintiff/Appellant filed a response brief explaining where fact issues exist and provided the entire reporter's transcript and all the exhibits from the September 23, 2020 trial in support, and after arguments and post-hearing briefs, the trial court granted Appellees J&K and Fernandez's Motion for Summary Judgment. [Record references omitted.]

ZOOM recording of the same trial, to render judgment in Appellant's favor.

This "argument" is defective not only for the reason we have outlined in regard to Appellant's fifth issue but also because Appellant now wants to impose a mission on the court to find authority granting him relief that he acknowledges that we usually do not grant. We hold that Appellant has waived any contention of error made in his sixth issue.

We overrule Appellant's sixth issue.

## IV. Conclusion

Having overruled each of Appellant's six issues, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  November 10, 2021

24