**Affirmed and Opinion Filed July 10, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00499-CV**
_____

**LATOYIA MHOON, Appellant**
**V.**
**THE KONTOUR AT KESSLER PARK, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-01990-A**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Molberg

In two issues, pro se appellant Latoyia Mhoon appeals from the trial court's

judgment for appellee The Kontour at Kessler Park. Finding Mhoon's issues without

merit, we affirm the trial court's judgment in this memorandum opinion.

## Background

On June 8, 2021, The Kontour filed a first amended verified petition for

forcible detainer, alleging that Mhoon's lease of 1352 Winding Brook Cir., Apt. 208,

Dallas, Texas, terminated on October 18, 2020, and Mhoon failed to make rent

payments and owed $32,859.62, not including late fees. The Kontour requested

judgment be entered in its favor for possession of the apartment, damages for unpaid rent, court costs, and attorney's fees.

The trial court heard the forcible entry and detainer action on June 23, 2021. Allison Norris, a property supervisor at The Kontour, testified Mhoon had a lease agreement with The Kontour and that it terminated October 18, 2020. Norris said The Kontour gave notice on August 13, 2020, of its intent to terminate any month-to-month tenancy following the lease term. Several documents were admitted into evidence through Norris's testimony, including the lease, advance notice of lease termination at end of lease term, COVID-19 notice of possible eviction, and notice to vacate for unauthorized holdover.

On June 23, 2021, the trial court entered a final judgment, ordering The Kontour recover from Mhoon possession of the apartment, $4,500 in attorney's fees, and court costs. The court ordered that a writ of possession issue to the proper officer commanding him to seize possession of the apartment and deliver it to The Kontour. This appeal followed.[1]

---

[1] The Kontour also filed a motion for judgment nunc pro tunc on August 26, 2021, seeking to correct the judgment's recitation of the address of the apartment at issue. The trial court denied the motion, finding that "[r]esolving the issue of which address is the correct address occupied by Defendant would require a factual determination."

## Discussion

On appeal, Mhoon appears to raise two issues.[2] First, she argues counsel for The Kontour, Marc Girling, initiated improper ex parte communications with the trial court. Mhoon makes no citations to the record in support of this contention, and in our review of the record we find no discussion or evidence relating to ex parte communications. However, in her brief, Mhoon refers to an e-mail exchange between Girling and the trial court coordinator, which she attached to her brief. Because these documents do not appear in the record before us, we cannot consider them in deciding Mhoon's issue. *See Garcia v. Sasson*, 516 S.W.3d 585, 591 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("[D]ocuments attached as appendices to briefs do not constitute part of the record of the case and cannot be considered by this Court on appeal."); *In re T.A.*, No. 05-20-00508-CV, 2022 WL 2128300, at *1 (Tex. App.—Dallas June 14, 2022, no pet.) (mem. op.) (same); *Bowling v. Dahlheimer*, No. 05-16-01196-CV, 2017 WL 5166998, at *5 (Tex. App.—Dallas Nov. 7, 2017, pet. denied) (mem. op.) (same). Finding no support for Mhoon's argument in the record, we overrule her first issue.

Second, Mhoon argues the trial court made prejudicial and disparaging comments during trial, which, she argues, influenced the verdict in this case and violated her right to due process. All parties have a right to a fair and impartial trial

---

[2] We will assume for the sake of argument that Mhoon's appellate issues were preserved for our review and are adequately briefed. *See* TEX. R. APP. P. 33.1, 38.1.

before a neutral judge. *Ellason v. Ellason*, 162 S.W.3d 883, 887 (Tex. App.—Dallas 2005, no pet.). A trial court's rulings alone rarely provide a valid basis for demonstrating bias or partiality unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *In re L.J.H.*, No. 05-21-00183-CV, 2021 WL 4260769, at *2 (Tex. App.—Dallas Sept. 20, 2021, no pet.) (mem. op.). Furthermore, "[c]ritical, disapproving, or even hostile judicial remarks during trial to counsel, the parties, or their cases do not ordinarily support a bias or partiality challenge." *Id*. Bias or partiality is not demonstrated by expressions of mere impatience, dissatisfaction, or annoyance. *Morgan Keegan & Co., Inc. v. Purdue Ave. Inv'rs LP*, No. 05-15-00369-CV, 2016 WL 2941266, at *9 (Tex. App.—Dallas May 18, 2016, pet. denied) (mem. op.). The trial court has broad discretion in conducting trial, including the authority to express itself in exercising this discretion. *Id*.

In support of this issue, Mhoon points to one statement made by the trial court. Before the trial court made its ruling, the following exchange took place:

> [Trial court]: Okay. So I think it's time for me to rule. I'm going to go ahead and grant the relief the plaintiff has requested, the attorney's fees and a writ of possession. And do I have an order here that's been filed for me to sign? If not, can you send it down to Mr. Little? And, certainly, it doesn't prevent anybody from talking after I sign that. It happens all of the time.
>
> [Girling]: Like I said --
>
> [Mhoon]: I would like to appeal. I would like to appeal.

[Trial court]: And you can do that, and there is a process for that. It sounds like you're familiar with that. And so I have to sign a judgment first before that even gets started. So is there a judgment on file, Mr. Girling?

[Girling]: I believe we submitted a proposed judgment, Your Honor. If that's not the case, Mr. Hussain will get one in to Mr. Little right away.

[Trial court]: Okay. You certainly have a right to appeal. What I like about this job is you have the Court of Appeals to fix any mistakes I make. So that never offends me, not in the least. So I guess we can adjourn the hearing and I wish everybody well. Thank you.

We cannot agree with Mhoon that the trial court's statements here were disparaging. Furthermore, in reviewing the rest of the record, we do not find that any of the trial court's conduct or remarks support Mhoon's due process contention. We overrule Mhoon's second issue.

## Conclusion

Having overruled Mhoon's appellate issues, we affirm the trial court's judgment.

210499f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LATOYIA MHOON, Appellant

No. 05-21-00499-CV     V.

THE KONTOUR AT KESSLER
PARK, Appellee

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-21-01990-
A.
Opinion delivered by Justice
Molberg. Justices Reichek and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 10th day of July 2023.