

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00047-CV
_____

IN THE INTEREST OF A.C., A CHILD

On Appeal from the County Court at Law
Cass County, Texas
Trial Court No. 06-D-CCL-220

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

This appeal stems from the persistent struggle between James Cockerham and Diana Smith (formerly Diana Cockerham) pertaining to the terms of the custody of their daughter, A.C. (who was twelve years old at the time of the hearing). This most recent chapter in the continuing saga involved the application of Cockerham to be named the person to determine the primary residence of A.C. and to name him the primary custodian of the child. After his application was denied, he has appealed, seeking a new trial. He complains of what he maintains were missteps in the proceedings and bias against him by the trial judge.

Cockerham and Smith had filed competing motions to modify the custodial order and Smith had additionally complained of what she alleged had been multiple violations of court orders by Cockerham. A hearing on these pleadings was conducted on November 28, 2011.

Both parties had requested that the child (who was about to turn thirteen) be interviewed by the trial court in chambers with only the amicus attorney present at the conclusion of the presentation of evidence and arguments pertaining to the parties' motions to modify. The court granted that request in open court. During the proceedings, the judge noted that he had actually conducted twelve previous hearings regarding various petitions and complaints brought by Cockerham and Smith over issues involving their child, plus a hearing on a protective order. After having made mention of the multiple appearances by the parties before him pertaining to their various disputes over the child the subject of the proceedings, the judge stated that he was convinced that the continuing conflict persisted because both Cockerham and Smith were

"totally, absolutely, completely not making any effort at all to resolve any of the issues that arise regarding your child."

Cockerham's first complaint contends that the trial court committed reversible error by failing to record its in-chamber interview with A.C., despite having been requested to do so. Upon review of the record, it is apparent that Cockerham's written motion for the trial court to conduct an in-camera interview did incorporate a request that this interview be recorded. When the trial court announced fairly early in the proceedings that it would grant this motion and would interview the child with the amicus present, the court also asked whether there was anything further that Cockerham was requesting regarding the interview; Cockerham added nothing further to the request. A majority of the hearing was conducted before the trial judge announced that he was then going to interview the child alone in chambers with the amicus attorney in attendance, and this interview occurred without further comment or request by any party.

In a nonjury matter (such as this one) and on the request of certain interested parties, the Texas Family Code requires a trial court to conduct an in-chambers interview of a child twelve years of age or older to determine the child's wishes as to conservatorship or as to the determination of the person having the exclusive right to determine the child's permanent residence. TEX. FAM. CODE ANN. § 153.009(a) (West 2008). This requirement becomes permissive when the object is to determine the child's wishes regarding possession, access, or any other issue pertaining to the suit affecting the parent-child relationship. TEX. FAM. CODE ANN. § 153.009(b) (West 2008). The trial court may allow the child's amicus attorney, attorney

3

ad litem, or the counsel for the litigants to attend this interview. TEX. FAM. CODE ANN. § 153.009(e) (West 2008). However, the Code is quite specific in requiring a record of the interview to be kept on the motion of any party if the child is twelve years of age or older.[1] TEX. FAM. CODE ANN. §153.009(f) (West 2008).

There are cases that hold a complaint about a failure to make a record of in-chambers interview is not preserved when no request for a record is made. *Ellason v. Ellason*, 162 S.W.3d 883 (Tex. App.—Dallas 2005, no pet.). In contrast with *Ellason*, Cockerham invoked his right to have a court reporter present when the motion for an in-camera hearing—which included a request that a record be made—was filed. Accordingly, a court reporter should have been present at that interview, just as a court reporter should be present (without any specific request) at other stages of the proceedings. One is tempted to look at this failure to have a court reporter present in the same vein as other court proceedings. In most circumstances, a party may waive its right to a record. TEX. R. APP. P. 13.1(a). In the absence of an express waiver, the failure to transcribe trial proceedings is error. *In re Estate of Arrendell*, 213 S.W.3d 496, 502 (Tex. App.—Texarkana 2006, no pet.) (court reporter's failure to record proceedings constitutes error in absence of express waiver by parties); *Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.) (court reporter's failure to transcribe proceedings in accordance with TEX. R. APP. P. 33.1(a) is error). Even absent an express waiver, to preserve this issue for appeal, the complaining party must object to the court

---

[1] The option of a party to have a record of such an in-camera interview is not a new concept in Texas. As early as September 1, 1975, the last sentence of Section 14.07(c) of the old Texas Family Code Annotated was changed to provide, as follows: "On the motion of a party or on the court's own motion, the court shall cause a record of the interview to be made and to be made part of the record in the case."

reporter's failure to record the proceedings. TEX. R. APP. P. 33.1(a); *Reyes*, 190 S.W.3d at 740 ("[I]n order to preserve the error for appeal, a party has the burden of objecting to the court reporter's failure to record the proceedings."); *see Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 582 (Tex. App.—Houston [1st Dist.] 2007, no pet.). No such objection was lodged by Cockerham to the absence of a court reporter when the in-camera interview occurred.

However, this circumstance is demonstrably different from the failure of a court reporter to record proceedings in open court. Although the trial court may permit an attorney for a party, an amicus attorney, and/or a guardian ad litem or attorney ad litem for the child to attend the interview, it is not required to do so. TEX. FAM. CODE ANN. § 153.009(e). There is no indication that the trial judge invited counsel for either litigant to observe the court's interview in chambers with the child, the record is silent as to whether the court reporter was physically present when the interview took place, and neither brief addresses this. It may be that Cockerham assumed that a record of the interview was being made as it was taking place, raising the possibility that he would have had no opportunity to call it to the attention of the trial court until a post-interview discovery of the failure to make a record. Cockerham's motion for new trial states that he learned no reporter was present, but (as mentioned below) there was no hearing conducted on this motion for new trial. As a result, we cannot clearly determine whether Cockerham was afforded a genuine opportunity to object to the failure to make a record of the interview. Under this procedural situation, we assume arguendo that the failure to make a record of the interview was error and there was no opportunity provided Cockerham to complain of this omission before the interview took place.

5

We note that the information obtained by the trial court in such an interview is strictly supplemental to the evidence taken in court, the purpose of the interview being to aid the court in making its determination.[2] Nothing in the statute indicates that the child in such an interview is to be sworn and nothing reflects that anything resembling the Texas Rules of Evidence should apply during the interview. Presumably, information gleaned in such an interview can be placed in the storehouse of other information the trial court can use in exercising its discretion in matters of this type pertaining to children. As this Court has previously stated:

> The trial court is given wide latitude in determining the best interests of the children and will be reversed only for abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion only when it has acted in an unreasonable or arbitrary manner, or when it acts without reference to any guiding principle. *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

*In re Marriage of Jeffries*, 144 S.W.3d 636, 638 (Tex. App.—Texarkana 2004, no pet.).

Because the trial court has the wide discretion mentioned above and may choose to either take into account the information learned at such an interview or ignore it in its entirety, it is difficult to imagine that a failure to cause the interview to be recorded would cause a different outcome or result. We can imagine no harm which was occasioned to Cockerham by this failure, and Cockerham has not directed us to any harm he suffered as a result. Accordingly, although we agree with Cockerham that it was error to have failed to record the interview when his motion requested that it be recorded, the error was a harmless one. It is, therefore, overruled.

---

[2]The statute specifically provides that, "[i]nterviewing a child does not diminish the discretion of the court in determining the best interests of the child." TEX. FAM. CODE ANN. § 153.009(c).

6

Cockerham next contends that the trial court erred by not allowing him to object to the content of the order prepared by opposing counsel before it was signed by the court. Although judgments or orders are often presented by the drafting attorney to opposing counsel for review before submission to the trial court for its signature (often with the place for the signatures of both attorneys with appropriate notations if the draft is approved only as to form), Cockerham has provided no authority stating that it is mandatory for an order to be reviewed by both parties before it is presented to the court. Even though a judgment or order is generally prepared by the attorney for the prevailing party, it is ultimately the trial judge who would have the best knowledge as to whether the provided order correctly reflected the intended ruling. Further, there is no question of ex parte communications with the court, as a copy was provided to opposing counsel virtually simultaneously with transmission of the original to the trial court. Counsel complains because he did not have a chance to complain about the proposed order before the court signed it. Providing a proposed order to counsel for review before presenting the order to the trial court may well be the best, the most courteous, or most efficient practice, but it is not mandatory. This is not a complaint about an allegedly erroneous action of the trial court, but a complaint about the behavior of opposing counsel. No error is shown and we overrule this complaint.

Cockerham also contends that the trial court erred by signing the order after the judge had said that he was removing himself from the case. In doing so, the trial judge employed language commonly employed when a recusal occurs. We have examined the record in this case in detail. Although there is certainly evidence that the trial judge had requested that further matters

7

involving these parties and the controversies between them be held in the 5th Judicial District Court (which has concurrent jurisdiction in family law matters in Cass County with the court hearing this matter) there is neither documentary evidence nor any oral indication that the trial court had recused himself from the case before the entry of the judgment.

Cockerham also contends that the trial court erred by failing to conduct a hearing on his motion for new trial. In this case, Cockerham filed a combined motion to vacate the judgment entered and for new trial and/or alternatively a notice of appeal. The motion is largely based on his belief that the final order was not signed by the judge while he retained authority over the case. As previously pointed out, there is nothing in the record to suggest a current recusal even though it is evident that it was the desire of the trial court that any future proceedings be held in the court having concurrent jurisdiction in the matter. That expression of intentions in the future would not prevent the judge from issuing his order on a proceeding in which he had already presided and which had taken place.

Cockerham appears to argue that calling the court's attention to a perceived error was sufficient to require a hearing. When a motion presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence when the motion for new trial alleges facts which, if true, would entitle the movant to a new trial and when a hearing for such purpose is properly requested. *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979) (per curiam); *In re M.B.D.*, 344 S.W.3d 1, 5 (Tex. App.—Texarkana 2011, no pet.). This motion articulates no question of fact that would require evidence to be heard or that would entitle movant to a new trial. Thus, error has not been shown.

8

Finally, we have reviewed the motion in detail. Counsel did not ask the court to conduct an evidentiary hearing. Counsel is not now in a position to complain that the court erred by failing to conduct a hearing that was not requested. *Hensley*, 583 S.W.2d at 618; *Neyland v. Raymond*, 324 S.W.3d 646, 652–53(Tex. App.—Fort Worth 2010, no pet.). The issue is overruled.

Cockerham next contends that the court erred by "ruling the hearing on November 28, 2011 was to be a final hearing." He links that contention to his further complaint that the judge exhibited bias toward him. Cockerham maintains that he believed the hearing was held to resolve temporary orders only and was not to be a final hearing on his motion to modify the parent-child relationship. He contends that he was not served with a "specific order that his requested temporary hearing would in fact be a final hearing on his motion."

We are constrained by the record. By the specific request of counsel, we have only the motions filed after November 28, 2011, and were not provided copies of the live pleadings which would have been the basis for the order that was entered. Thus, we have no way to determine what types of relief were sought by the parties and no way to determine whether there is any possibility that Cockerham's claim has in this regard any validity. The order rules on crossing petitions to modify, granting one petition and denying the other. During the hearing, the court (in an admirable attempt to obtain some clarity in the midst of an apparent plethora of motions and amendments to motions) confirmed that he would be addressing a motion to modify from both parties and a motion for enforcement from Smith. At that time, counsel for Cockerham stated that the initial setting had been on a temporary matter for Cockerham but said nothing

9

further on that issue. Further, in his opening statement, Cockerham's counsel stated that the amended motion was seeking a change of the right to establish the domicile and residence of the child. In his closing statement, Cockerham's attorney did describe this as a temporary modification, and, in response, counsel for Smith attempted to clarify matters by asking the court if its order was temporary or final. The court stated it was final and then asked Cockerham's counsel if he had anything further. Although counsel did ask about other matters, there was nothing additional said about the nature of the order to be entered.

Under the state of this record, Rule 33.1 of the Texas Rules of Appellate Procedure controls our review. TEX. R. APP. P. 33.1. The record does not show that Cockerham complained about the procedure followed by the court, despite having several clear opportunities to do so. The issue has not been preserved for review.

Finally, Cockerham complains that the trial judge was biased against him. It is apparent from the record that the patience of the trial court had been severely taxed with what he perceived as the bickering of the parties, and he pilloried both equally for their actions. He ordered both parties to act more like adults, enjoined both from discussing their feelings about the other with the child (advice which would appear eminently appropriate), and threatened both with incarceration if it came to his attention that his admonitions were being ignored.

Cockerham has directed this Court to nothing that shows the judge was improperly biased against either party.

10

We affirm.

Bailey C. Moseley
Justice

Date Submitted:     November 28, 2012
Date Decided:       December 6, 2012