

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-23-00002-CV

_____

IN RE KIMBERLY COLE, RELATOR

ORIGINAL PROCEEDING

March 21, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In this original proceeding, Kimberly Cole, Relator, petitions this Court to issue a writ of mandamus against the Hon. Tom Brummett, Judge of the County Court at Law Number Two in Lubbock County, ordering him to vacate his order denying her access to the transcript of the trial court's interview with Relator's children. We deny the petition.

**BACKGROUND**

In the underlying suit affecting the parent-child relationship, Relator filed a motion requesting that the trial court confer with the children in chambers and that the record of the interview be sealed. The trial court subsequently interviewed two of Relator's

children.  *See* TEX. FAM. CODE ANN. § 153.009(a), (b).  A record of the interviews was made.  *See id.* at (f) ("A record of the interview shall be part of the record in the case.").

Interim temporary orders were entered by the trial court on November 9, 2022. Relator then filed a motion seeking the release of the transcript of the trial court's interviews with the children, which the trial court judge, the Honorable Drue Farmer, denied on December 20, 2022.  In January, Relator filed a petition for writ of mandamus in this Court.  Because Judge Farmer's term expired on December 31, 2022, we abated to allow her successor, Judge Brummett, to act on Relator's motion.  *See In re Cole*, No. 07-23-00002-CV, 2023 Tex. App. LEXIS 78, at *1–2 (Tex. App.—Amarillo Jan. 9, 2023, orig. proceeding) (order).  Judge Brummett also denied Relator's request to have the transcript released but ordered that it be forwarded to this Court under seal.  Relator then filed the instant amended petition for writ of mandamus, alleging that the trial court abused its discretion by denying her motion to release the transcript.

## ANALYSIS

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court clearly abused its discretion, and (2) no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).  A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  When seeking mandamus relief, the relator bears the burden of proving these two requirements.  *Id.* at 840.  Mandamus has traditionally been an extreme measure to be utilized only when there

has been a violation of a clear legal right possessed by the relator and when there is a clear legal duty to act on behalf of the respondent. *Pat Walker & Co. v. Johnson*, 623 S.W.2d 306, 308 (Tex. 1981) (orig. proceeding); *Neville v. Brewster*, 352 S.W.2d 449, 452 (Tex. 1961) (orig. proceeding). Appellate courts will not intervene to control trial court rulings when there is an adequate remedy by appeal. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding).

Relator asserts that she is preparing to present a petition for mandamus regarding the underlying interim temporary orders and that she desires to incorporate the transcript of the interviews into her forthcoming mandamus. Relator contends that her substantial rights have been prejudiced "because, when a record is incomplete, this Court must presume that the missing portion of the record supports the trial court's judgment." *See, e.g., Ex parte Savelle*, 398 S.W.2d 918, 921 (Tex. 1966) (orig. proceeding) (in absence of transcript, reviewing court must presume that there was evidence to support trial court's order). Relator further argues that in cases in which the trial court has received evidence at the hearing giving rise to a mandamus challenge, the party seeking mandamus has an obligation to provide transcripts of any relevant evidentiary hearings.[1] TEX. R. APP. P. 52.7(a)(2).

Here, the trial court ordered that the transcript of the interviews be forwarded to this Court under seal. If Relator petitions this Court for a writ of mandamus regarding the

---

[1] We note that information obtained by the trial court in such interviews is "strictly supplemental to the evidence taken in court . . . ." *In re A.C.*, 387 S.W.3d 673, 677 (Tex. App.—Texarkana 2012, pet. denied). The trial court may "either take into account the information learned at such an interview or ignore it in its entirety . . . ." *Id.* at 678. Thus, one cannot presume the transcript would be determinative of any particular outcome. *See, e.g., In re J.N.*, No. 05-20-00695-CV, 2022 Tex. App. LEXIS 2678, at *14 (Tex. App.—Dallas Apr. 25, 2022) (mem. op.).

temporary orders and requests that the sealed transcript be provided to this Court, under the order of the trial court, the sealed transcript will be part of the appellate record.

Based on our review of the petition, the real party in interest's response, and the record before us, we conclude that Relator has not established that the trial court's decision to deny her access to the sealed transcript was so arbitrary and unreasonable as to constitute an abuse of discretion. Therefore, Relator has failed to establish that she is entitled to the extraordinary remedy of mandamus relief.

## CONCLUSION

For the foregoing reasons, we deny Relator's request for mandamus relief.

Judy C. Parker
Justice