# NO. 12-22-00207-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF A. A. S. AND N. T. S., CHILDREN* | § | *APPEAL FROM THE 307TH* |
| | § | *DISTRICT COURT* |
| | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

K.S., acting pro se, appeals the trial court's order in a suit to modify the parent-child relationship. He presents five issues on appeal. We affirm.

## BACKGROUND

K.S. is the father of A.A.S. and N.T.S., and A.C. is their mother. In June 2019, A.C. and K.S. divorced. A.C. and K.S. were named joint managing conservators, and A.C. was awarded the exclusive right to designate the children's residence within Gregg or Harrison counties. On February 19, 2020, A.C. filed a petition to modify the parent-child relationship alleging that the circumstances of the children and a conservator had materially and substantially changed. She further alleged K.S. committed acts of family violence. K.S. was incarcerated on charges of violating a protective order, stalking, and criminal trespass in a separate matter. In March, the court held a hearing on temporary orders and K.S. agreed that his access to the children would be suspended until his release from jail and completion of a psychological evaluation.

On April 5, 2022, K.S. filed a motion for a bench warrant.[1] The trial court denied his request, and Appellant was not present for the final hearing. The evidence at the final hearing showed that a protective order had been rendered against K.S. in a separate matter involving an individual not a party to this proceeding. In June 2021, K.S. was convicted of stalking and

---

[1] The motion to the court is dated March 7, 2022 but was not filed until April 5.

continuous violation of a protective order and received a six-year sentence. He was also convicted of criminal trespass and violation of a protective order and sentenced to ninety days in jail for those offenses. Since the temporary orders were entered in March, K.S. had remained incarcerated and had not completed the psychological evaluation. A.C. testified at the hearing that she believes K.S. may be suffering from a mental illness. She also requested the trial court suspend all K.S.'s access to the children until he undergoes a mental evaluation and until further order of the court. A.C. testified that she incurred $3,009.82 in attorney's fees.

At the conclusion of the hearing, the trial court declined to suspend all access to the children. It modified the prior order to allow K.S. telephone access to the children. The trial court, upon a request from the Texas Attorney General's office, terminated Appellant's current child support obligation due to his incarceration and confirmed previous arrearages. It further ordered K.S. pay $3,000 in attorney's fees. Upon K.S.'s request, the trial court entered findings of fact and conclusions of law. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his second and third issues, K.S. contends the evidence is legally and factually insufficient to support modification of the parent-child relationship. Specifically, in his second issue, K.S. argues the evidence is insufficient to show a material change in circumstances. And in his third, he urges that the trial court erred by denying him any and all access to the children.

### Standard of Review

We review a trial court's rulings in motions to modify custody, possession, and visitation under an abuse of discretion standard. *See* ***In re B.M.B.***, No. 05-20-00852-CV, 2022 WL 3226277, at *2 (Tex. App.—Dallas Aug. 10, 2022, pet. denied) (mem. op.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *See* ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242.

In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review; as a result, legal and factual sufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment

of whether the trial court abused its discretion. *See Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). To determine whether the trial court abused its discretion we consider whether the trial court (i) had sufficient evidence on which to exercise its discretion and (ii) erred in its exercise of that discretion. *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). The applicable sufficiency review comes into play with the first question. *See Moroch*, 174 S.W.3d at 857. We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *See id.* An abuse of discretion generally does not occur if some evidence of a substantive and probative character exists to support the trial court's decision. *See In re S.M.V.*, 287 S.W.3d 435, 450 (Tex. App.—Dallas 2009, no pet.). Because the trial court has "full opportunity to observe witness testimony first-hand," it is "the sole arbiter when assessing the credibility and demeanor of witnesses." *See In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014).

Findings of fact made after a bench trial are of the same force and dignity as a jury's verdict upon special issues. *In re C.H.C.*, 392 S.W.3d 347, 349–50 (Tex. App.—Dallas 2013, no pet.). The trial court's findings of fact are reviewable for factual and legal sufficiency of the evidence under the same standards as applied in reviewing the sufficiency of the evidence supporting a jury's answer to a special issue. *Id.* at 350. In determining whether there is legally sufficient evidence to support a finding, we examine the record and credit evidence favorable to the finding if a reasonable fact finder could, and we disregard evidence contrary to the finding unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "We sustain a no-evidence challenge when the record reveals either (1) a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla of evidence, or (4) the evidence establishes conclusively the opposite of a vital fact." *See In re M.H.A.*, No. 05-20-00787-CV, 2022 WL 2527003, at *2 (Tex. App.—Dallas July 7, 2022, no pet.) (mem. op.). In a factual sufficiency review, we consider the entire record and will set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Cameron v. Cameron*, 158 S.W.3d 680, 683 (Tex. App.—Dallas 2005, pet. denied).

**Applicable Law**

A trial court can modify the terms of a conservatorship order if (1) the child's or parties' circumstances have materially and substantially changed since the order was rendered and (2) doing so would be in the child's best interest. TEX. FAM. CODE ANN. § 156.101(a)(1) (West 2014). The party seeking modification has the burden to establish these elements by a preponderance of the evidence. *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied).

The movant must show what conditions existed at the time of the prior order's entry, then show what material and substantial changes occurred. *Considine v. Considine*, 726 S.W.2d 253, 255 (Tex. App.—Austin 1987, no writ). The trial court is not confined to rigid rules or definite guidelines when deciding whether circumstances have materially and substantially changed. *Zeifman*, 212 S.W.3d at 589. The determination is fact- and case-specific. *Id.* at 593.

To determine the child's best interest, a court may use the nonexhaustive list of factors discussed in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976). Those factors include the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of the individuals seeking custody, the programs available to assist these individuals to promote the best interest of the child, the plans for the child, the stability of the home, the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and any excuse for the acts or omissions of the parent. *Id.* at 371-72. In the context of custody modification, other factors include the child's need for stability and the need to prevent constant litigation in child-custody cases. *In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000).

**Analysis**

K.S. contends the evidence is insufficient to show a material change in circumstances. Specifically, he urges that A.C.'s petition to modify claimed K.S. was charged with family violence and the trial court did not make a family violence finding. Therefore, he argues, a material change in circumstances could not have occurred. He further urges that, as a result, the trial court could not take away his access to the children after naming him possessory conservator.

The evidence showed, and the trial court found, that K.S. previously agreed at the temporary orders hearing that his access to the children would be suspended until his release

4

from jail and completion of a psychological evaluation. At the time of the temporary orders, K.S. was charged with violating a protective order granted to his previous girlfriend and was incarcerated as a result. At the time of the final hearing, K.S. had been convicted of stalking and continuous violation of a protective order and sentenced to six years imprisonment. He had also been convicted of criminal trespass and violation of a protective order and sentenced to ninety days confinement. A.C. further testified that she believes K.S. "exhibited signs and symptoms of someone who suffers from some mental condition." She believed a material and substantial change in circumstances occurred and requested K.S. have no access to the children until his release and completion of a psychological evaluation.

At the conclusion of the hearing, the trial court questioned A.C. regarding K.S.'s interactions with the children. A.C. represented to the trial court that K.S. wrote letters asking about the children; however, she did not respond to those letters. She further advised that she "was not aware that [she] was required to give him that information." The trial court noted that K.S.'s actions leading to his imprisonment were not directed at the children. And A.C. admitted to the trial court that K.S. has never posed a danger to the children. As a result, the trial court denied A.C.'s request to refuse access to the children in its entirety. The trial court noted that K.S. had not been in contact with the children during his incarceration; therefore, the trial court determined it would be in the children's best interest for the contact to be limited upon K.S.'s release. And the trial court ordered that K.S. be entitled to a phone call with each child once per week upon his release. The trial court further concluded that K.S.'s incarceration and the issuance of the protective order constitute a material and substantial change in circumstances.

After reviewing the record, we conclude the trial court had sufficient evidence of a material and substantial change in circumstances to warrant modification of the parent-child relationship. *See* TEX. FAM. CODE ANN. § 156.101. Furthermore, the trial court had sufficient evidence to support limiting K.S.'s access to the children upon his release based upon the children's best interest. *See* **Spence v. Davis**, No. 03-22-00179-CV, 2023 WL 427063, at *14 (Tex. App.—Austin Jan. 27, 2023, no pet.) (mem. op.). We overrule K.S.'s second and third issues.

5

## FAILURE TO INTERVIEW CHILD IN CHAMBERS

In his first issue, K.S. urges the trial court erred when it failed to interview A.A.S., who was thirteen at the time of the final hearing, in chambers pursuant to his request.

Section 153.009(a) of the Texas Family Code states, "In a nonjury trial or at a hearing, on the application of a party, the amicus attorney, or the attorney ad litem for the child, the court shall interview in chambers a child 12 years of age or older . . . to determine the child's wishes as to conservatorship or as to the person who shall have the exclusive right to determine the child's primary residence." TEX. FAM. CODE ANN. § 153.009(a) (West 2014). And subsection (b) states that the court may interview the child in chambers to determine the child's wishes as to possession, access, or any other issue in the suit affecting the parent-child relationship. *Id.* § 153.009(b).

K.S. urges that the mandatory duty of subsection (a) applies, while A.C. urges the interview is discretionary under subsection (b). A.C. argues that because conservatorship and right to determine primary residence were previously determined and not subject to the motion to modify, the court's decision not to interview A.A.S. was not in error. However, that is a question we need not reach.

Even if Section 153.009(a) applied, the trial court's failure to conduct the required interview is subject to a harm analysis. *See* TEX. R. APP. P. 44.1; *In re C.B.*, No. 13-11-00472-CV, 2012 WL 3139866, at *6 (Tex. App.—Corpus Christi Aug. 2, 2012, no pet.) (mem. op.); *see also In re D.I.B.*, 988 S.W.2d 753, 757–59 (Tex. 1999) (harm analysis should be performed even when statute is mandatory). The sole matter made the subject of the mandatory interview is the child's wishes as to conservatorship and primary residence. *See* TEX. FAM. CODE ANN. § 153.009(a). Subsection (c) of Section 153.009 provides that "interviewing a child does not diminish the discretion of the trial court in determining the best interests of the child." *Id.* § 153.009(c). The trial court has broad discretion in making conservatorship and possession determinations, and the court "may choose to either take into account the information learned at such an interview [under Section 153.009] or ignore it in its entirety." *In re A.C.*, 387 S.W.3d 673, 678 (Tex. App. – Texarkana 2012, pet. denied). Because the trial court is not required to take into account the information gleaned during an interview with the child, we cannot say that the trial court's failure to interview A.A.S. would cause a different outcome or result. *See id.*; *Matter of Marriage of Comstock*, 639 S.W.3d 118, 135–36 (Tex. App.—Houston [1st Dist.]

2021, no pet.); TEX. R. APP. P. 44.1(a) (providing that judgment may not be reversed on appeal unless error complained of probably caused rendition of improper judgment or probably prevented appellant from properly presenting case to court of appeals).

Therefore, even if the trial court erred in failing to interview A. A. S. at K.S.'s request, any such failure was not harmful. We overrule K.S.'s first issue.

## DENIAL OF BENCH WARRANT

In his fourth issue, K.S. contends the trial court violated his due process rights by denying his request for a bench warrant.

We review the trial court's decision on a request for a bench warrant for an abuse of discretion. *In re Z.L.T.*, 124 S.W.3d 163, 164 (Tex. 2003). "All litigants forced to settle disputes through the judicial process have a constitutional right to be heard at a meaningful time in a meaningful manner." *In re L.N.C.*, 573 S.W.3d 309, 324 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Although inmates cannot be denied access to the courts simply because they are inmates, they do not have a constitutional right to appear in person in every court proceeding. *In re Z.L.T.*, 124 S.W.3d at 165. Rather, courts must weigh the inmate's right of access against protection of the integrity of the justice system. *Id.* Courts consider a variety of factors when determining whether to grant a request for a bench warrant, and the inmate bears the burden to provide information justifying the need for his presence.[2] *Id.* at 165–66.

Here, K.S. wrote a letter to the trial court on March 7, 2022, requesting a bench warrant so he could be transferred to the Gregg County jail for the final hearing. However, his letter did not explain why his interest in appearing outweighed the impact on the justice system. When denying K.S.'s request, the trial court explained that K.S. failed to meet his burden because he failed to address any of the relevant factors. Because K.S. failed to satisfy his burden of providing information to justify his presence at the final hearing, the trial court did not abuse its discretion by refusing to issue a bench warrant. *Id.* at 166; *J.G. v. Tex. Dep't of Family and*

---

[2] Trial courts deciding whether to grant an inmate's request for a bench warrant are to consider factors including: the cost and inconvenience of transporting the prisoner to the courtroom; the security risk to the court and public posed by the inmate; whether the inmate's claims are substantial; whether resolution of the litigation can reasonably be delayed until the inmate's release; whether the inmate can and will offer admissible, noncumulative testimony that cannot be presented by deposition, telephone, or some other means; whether the inmate's presence will facilitate judging his or her demeanor or credibility; whether trial is to the court or a jury; and the inmate's probability of success on the merits. *In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex. 2003).

*Protective Servs.*, 592 S.W.3d 515, 521 (Tex. App.—Austin 2019, no pet.).  K.S.'s fourth issue is overruled.

**ATTORNEY'S FEES**

In his fifth issue, K.S. claims the trial court erred in granting A.C.'s request for attorney's fees.

An appellate brief must concisely state all issues or points presented for review. TEX. R. APP. P. 38.1(f). In addition, an appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). Although we are to liberally construe pro se briefs, pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would have an unfair advantage over parties represented by counsel. ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.); ***Giddens v. Brooks***, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied). Specifically, pro se litigants must comply with the rule requiring adequate briefing and citations to the record. ***Redmond v. Kovar***, No. 09-17-00099-CV, 2018 WL 651272, at *2 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.). Bare assertions of error, without argument, authority, or substantive analysis of the legal issues waive error and present nothing for review on appeal. ***McKellar v. Cervantes***, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.); ***Washington v. Bank of N.Y.***, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.); ***Martinez v. El Paso County***, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). An appellate court has no duty to brief issues for an appellant, and if we were to do so, "we would be abandoning our role as neutral adjudicators and become an advocate for that party." ***In re A.E.***, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied).

On this issue, K.S.'s brief lacks citations to the record and any legal authorities.  In addition, the entirety of his argument on attorney's fees states:

> [K.S.] asks that this court vacate the attorney's fees that were granted in error by the trial court's order. [K.S.] also requests that this court award [K.S.] $500.00 payable to [K.S.] for expenses related to this appeal by the Appelle[e] [A.C.].

K.S. fails to specify how the trial court's award of attorney's fees was not reasonable.  We have no duty to brief issues on K.S.'s behalf.  *See **In re A.E.***, 580 S.W.3d at 219; ***Interest of D.H.L.***,

No. 12-21-00189-CV, 2022 WL 2836417, at *1 (Tex. App.—Tyler July 20, 2022, no pet.) (mem. op.).  Because K.S. failed to comply with the requirements of Rule 38 of the Texas Rules of Appellate Procedure, he waived this complaint.  *See* TEX. R. APP. P. 38.1.

## DISPOSITION

Having overruled K.S.'s issues one through four and determined that issue five is waived, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2023**

**NO. 12-22-00207-CV**

**IN THE INTEREST OF A. A. S. AND N. T. S., CHILDREN**

Appeal from the 307th District Court
of Gregg County, Texas (Tr.Ct.No. 2018-2133-DR)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*