**AFFIRM and Opinion Filed April 25, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00392-CV**

**IN THE INTEREST OF C.J., P.J., AND M.J., CHILDREN**

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-54733-2018**

## OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Garcia

This appeal arises from an order in a suit to modify the parent–child relationship. The order changed the status quo, under which neither parent paid child support, by requiring appellant Mother to pay child support to appellee Father. Mother appeals, arguing in a single issue that the evidence is insufficient to support the trial judge's finding of a material and substantial change of circumstances. We affirm.

## I. BACKGROUND

### A. Previous Proceedings

Mother and Father were divorced by a decree signed on January 20, 2017. Per the decree, the parties had three minor children who were then ages ten, eight, and three. The decree appointed the parties as joint managing conservators of the children. The decree stated that neither party had the exclusive right to designate the children's primary residence. It further provided that neither party would pay child support "at this time," but future child-support obligations would be determined annually by comparing the parties' incomes and performing calculations in accordance with the Texas Family Code.

The trial judge signed an agreed modification order on February 19, 2020. The February 2020 order continued the parties' status as joint managing conservators and again provided that neither party had the right to designate the children's primary residence. As to child support, the February 2020 order terminated the requirement that the parties annually exchange income information, and it ordered that neither party was obliged to pay periodic child support.

In May 2021, Father filed a petition to modify the parent–child relationship. He asked the trial court to award him the exclusive right to designate the children's primary residence, to allow Mother possession of and access to the children under a standard possession order, and to order Mother to pay Father child support. On October 11, 2021, the trial judge signed an agreed modification order that awarded

Father the right to designate the children's primary residence within either of two named school districts. The October 2021 order said nothing about child support, but it provided that all terms in prior orders not specifically modified continued in effect.

**B.    Procedural History of This Case**

In March 2022, Father filed another petition to modify the parent–child relationship. Among other things, he asked the trial court to expand the geographic restriction of the children's residence to the continental United States, and he sought child support from Mother. He later amended his petition, but he continued to seek those forms of relief. Mother filed an answer and a counterpetition to modify.

In December 2022, the trial judge conducted a two-day bench trial. At that time, the three children were 15 (almost 16), 14, and 8 (almost 9) years old. In March 2023, the judge signed a final order that repeated the October 2021 order's provisions making the parties joint managing conservators and awarding Father the exclusive right to designate the children's primary residence within the same geographic limits. The order changed the October 2021 order by ordering Mother to pay Father child support of $1,165.70 per month.

The trial judge later signed findings of fact and conclusions of law. She found, among other things, that the children's circumstances had materially and substantially changed since rendition of the October 2021 order.

Mother timely appealed.

## II. STANDARD OF REVIEW

We review a trial judge's order that modifies child support for abuse of discretion. *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.). An abuse of discretion occurs if (1) the trial judge fails to analyze or apply the law correctly, or (2) with regard to factual matters or matters committed to its discretion, the trial judge could reasonably reach only one decision and failed to do so. *VSDH Vaquero Venture, Ltd. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at *4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.).

Under the abuse-of-discretion standard of review, legal and factual sufficiency of the evidence are not independent grounds of error, but they are relevant factors in the abuse-of-discretion analysis. *In re C.C.J.*, 244 S.W.3d at 917. We review the evidence in the light most favorable to the trial judge's ruling, and we indulge every presumption in its favor. *Id*. If some probative and substantive evidence supports the order, there is no abuse of discretion. *Id*.

## III. ANALYSIS

### A. Issue Presented

In her sole issue on appeal, Mother argues that the trial judge abused her discretion by ordering Mother to pay child support because legally and factually insufficient evidence supports the judge's finding that the children's circumstances had materially and substantially changed since rendition of the October 2021 order.

**B.      The Law Governing Modifications of Child Support**

Family Code § 156.401 is entitled "Grounds for Modification of Child Support." As relevant to this case, the statute provides that the court may modify a child-support order only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the prior order's rendition. *See* TEX. FAM. CODE ANN. § 156.401(a)(1)(A), (a-1). The parties seem to disagree about whether the modification in this case was made under the authority of subsection (a) or subsection (a-1), but the changed-circumstances requirement is essentially the same in each. *Compare id*. § 156.401(a)(1)(A) *with id*. § 156.401(a-1).

The changed-circumstances requirement requires a comparison of the circumstances of the relevant people at the time of the initial order with the circumstances at the time the modification is sought. *In re C.C.J.*, 244 S.W.3d at 917. "The record must contain both historical and current evidence of the relevant person's financial circumstances." *Id*. The proper end date for the inquiry is the time of the trial on the motion to modify. *In re J.C.P.*, No. 14-21-00415-CV, 2022 WL 10227942, at *2 (Tex. App.—Houston [14th Dist.] Oct. 18, 2022, no pet.) (mem. op.) (child-support modification); *see also In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.) (reaching same conclusion in a conservatorship-modification case).

## C. Effect of Incomplete Record

### 1. The Parties' Contentions

Father argues in his brief that we must overrule Mother's sole issue because the appellate record does not contain all the evidence that was before the trial judge. Specifically, Father argues that the trial judge interviewed two of the children, Mother did not bring forward a record of those interviews, and no record of the interviews exists.

Mother filed a reply brief in which she does not dispute that the interviews occurred or that no record of the interviews exists. Instead, she makes several other responsive points. First, she points out that Father's motion requesting the interviews did not mention child support; it asked only that the judge "determine each child's wishes as to possession and access." Next, she asserts that Father bore the burden to request a record of the interviews if he wanted them to be part of the record, and he failed to preserve a complaint that the interviews were not recorded. Mother also suggests that it is very unlikely that the children said anything in their interviews about the financial aspects of the case. Finally, Mother contends that the children are not sworn for interviews with the judge, the Texas Rules of Evidence do not apply, the interviews are strictly supplemental, and a failure to grant a request for recording of the interview is harmless error.

### 2. Applicable Law

The appellant bears the burden to ensure that a sufficient appellate record is presented to show reversible error. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843

(Tex. 1990) (per curiam). "If an appellant fails to present a complete statement of facts [now called the reporter's record] on appeal, the appellate court must presume that the omitted portions are relevant and support the trial court's judgment." *Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996) (per curiam); *see also Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam). This means that "points of error dependent on the state of the evidence will be deemed to have been waived." *In re B.J.W.*, No. 05-17-00253-CV, 2018 WL 3322882, at *2 (Tex. App.—Dallas July 6, 2018, no pet.) (mem. op.). In *Schafer*, for example, the appellants challenged the adequacy of the damages award, but they brought forward only a partial statement of facts and selected witness testimony. 813 S.W.2d at 155. The supreme court held that the court of appeals correctly rejected appellants' complaint based on the presumption that the omitted evidence supported the judgment. *Id*.

In this case, the information missing from the appellate record is a record of the trial judge's interviews of two of the children involved in this case. Those interviews were conducted pursuant to Family Code § 153.009(b), which provides in relevant part:

> In a nonjury trial . . . , on the application of a party, . . . the court may interview the child in chambers to determine the child's wishes as to possession, access, or any other issue in the suit affecting the parent–child relationship.

FAM. § 153.009(b). Subsection (f) addresses when a record of such an interview should be made:

> On the motion of a party . . . or on the court's own motion, the court shall cause a record of the interview to be made when the child is 12 years of age or older. A record of the interview shall be part of the record in the case.

*Id*. § 153.009(f). Trial testimony showed that the two children who were interviewed were 15 and 14 years old, so the interviews could have been recorded and made a part of the record. But the parties' appellate briefs suggest that the interviews were not recorded, and the record does not reflect that either party has attempted to obtain a reporter's record, if one exists, of those interviews.

### 3.    Application of the Law to the Facts

Mother's sole issue on appeal is whether sufficient evidence supports the trial judge's finding of a material and substantial change of circumstances. This issue self-evidently depends on the state of the evidentiary record. The question then becomes whether the missing interviews constitute evidence, such that we must presume that those interviews contained sufficient evidence to support the trial judge's finding. *See St. Clair-Urdaneta, Inc. v. Marathon Oil Co.*, No. 05-96-00434-CV, 1999 WL 72202, at *12 (Tex. App.—Dallas Feb. 12, 1999, pet. denied) (not designated for publication) (holding that the presumption was not triggered by omission of matters such as voir dire and opening statements because the record contained all of the evidence at trial).

Father argues that child interviews conducted under § 153.009 constitute evidence for the purposes of the missing-record presumption. We agree, for several reasons.

First, the Texas Supreme Court discussed § 153.009 interviews in a recent opinion, and it repeatedly referred to the child's statements as "testimony." *In re J.N.*, 670 S.W.3d 614, 619, 620 n.4 (Tex. 2023). Although those references were dicta, they suggest that the high court views § 153.009 interviews as evidence. *See Testimony*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Evidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition").

Next, we note that the Family Code provides that parties are entitled to have a child interview recorded on request if the child is at least 12 years old. *See* FAM. § 153.009(f). Moreover, the "record of the interview shall be part of the record in the case." *Id*. Thus, the legislature prescribed that interviews of older children should be treated like trial evidence for record purposes. This suggests that the legislature intended for courts to treat child interviews as evidence—at least when the child is 12 or older.

Additionally, we recently issued an opinion in a conservatorship-modification case in which a child interview was not recorded, and we made this observation: "Information obtained from interviewing a child in chambers can be used by the court in exercising its discretion in matters pertaining to the children, and we presume the trial court did so here." *In re K.S.L.*, No. 05-22-00084-CV, 2023 WL 2009985, at *5 (Tex. App.—Dallas Feb. 15, 2023, no pet.) (mem. op.). If a trial judge can use the child's statements in making her decisions in a case, it follows that the child's statements are competent evidence. And although we did not go so far as

to apply the missing-record presumption in *K.S.L.*, the opinion does not suggest that anyone asked us to apply that presumption, so we do not take the opinion's silence on the issue as informative.

We also referred to the missing-record presumption in connection with an omitted child interview in another family-law case. *See Strong v. Strong*, 350 S.W.3d 759, 768 (Tex. App.—Dallas 2011, pet. denied) ("As there is no reporter's record of the interview and no findings of fact or conclusions of law, we must presume K.'s statements in the interview support the trial court's judgment that Mother have the exclusive right to designate K.'s residence."). In that case we upheld the trial judge's ruling, but we relied on other trial evidence in addition to the presumption to support our holding. Nevertheless, *Strong* supports the premise that child interviews are evidence that can support application of the missing-record presumption.

Finally, several opinions from other courts of appeals have applied the missing-record presumption to child interviews, albeit not in the context of child-support modifications:

- *Voros v. Turnage*, 856 S.W.2d 759 (Tex. App.—Houston [1st Dist.] 1993, writ denied). The court of appeals upheld a possession order that deviated from the standard possession order, in part because no record existed of the trial judge's interviews with the two children involved. *See id*. at 763 ("In the absence of a statement of facts, the reviewing court will presume the evidence is sufficient to support the judgment. . . . Thus, we must presume the evidence from that interview supports the judge's findings.").

- *In re Lau*, 89 S.W.3d 757 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). In a mandamus proceeding, the relator father

argued that insufficient evidence supported a finding that there was a serious, immediate question concerning a child's welfare. *Id*. at 760. The court of appeals rejected the argument because the trial court interviewed two teenaged children and no record was made of the interviews. *Id*. at 760–61. The court "presume[d] facts existed that allowed the judge to find [a] serious immediate question regarding the welfare of the child existed." *Id*. at 761.

- *Long v. Long*, 144 S.W.3d 64 (Tex. App.—El Paso 2004, no pet.). The court of appeals relied on the missing-record presumption and upheld an order modifying a conservatorship arrangement. *See id*. at 69 ("[T]he trial court interviewed the children in chambers but . . . no record of their conversation was made. Without a record, we must presume facts existed that allowed the trial judge to find that a change in the girls' primary residence was in their best interest.").

- *Ohendalski v. Ohendalski*, 203 S.W.3d 910 (Tex. App.—Beaumont 2006, no pet.). The court of appeals upheld a possession order that deviated from the standard possession order, in part because no record existed of the trial judge's interviews with the two children involved. *See id*. at 916 ("Where we have only a partial record of the trial proceedings, we presume that the omitted portions support the trial court's ruling. . . . This presumption also applies in family law cases where the judge conducts interviews in chambers with the minors.").

- *In re E.E.*, No. 14-19-00779-CV, 2020 WL 7073995 (Tex. App.—Houston [14th Dist.] Dec. 3, 2020, no pet.) (mem. op.). The court of appeals upheld a conservatorship-modification order, concluding that the missing-record presumption disposed of the best-interest inquiry regarding the interviewed child. *See id*. at *2 ("Because no record of the in camera interview was made, we presume that there was evidence during that interview supporting the trial court's implied finding that a shared custody arrangement was not in the best interest of the second oldest child.").

In sum, substantial authority supports the propositions that (1) § 153.009 child interviews with children at least 12 years old constitute evidence and (2) the failure

to bring forward a record of such an interview triggers the missing-record presumption.

We next address Mother's objections to applying the missing-record presumption to child interviews.

We begin with Mother's observation that § 153.009 does not call for the child to be sworn or for the rules of evidence to apply during the interview. *See In re A.C.*, 387 S.W.3d 673, 677 (Tex. App.—Texarkana 2012, pet. denied) (noting these facts). But these facts do not persuade us that the child's statements should not be considered evidence for purposes of the missing-record presumption. Like our *K.S.L.* opinion, 2023 WL 2009985, at *5, the *A.C.* opinion says that the trial judge may use information gained in a child interview in exercising his or her discretion, 387 S.W.3d at 677, which indicates that the interview is evidence. Moreover, if the trial judge may not credit and rely on the facts related by the child like any other evidence, then child interviews are a waste of time, and § 153.009 is essentially meaningless. *See Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990) ("It must be presumed that the legislature would not do a useless act."). We note too that the legislature ultimately controls the rules of procedure and evidence and thus has the prerogative to change normal trial procedures if it chooses. *See Gov't Servs. Ins. Underwriters v. Jones*, 368 S.W.2d 560, 563 (Tex. 1963) (orig. proceeding) (noting that the supreme court's rule-making power is subordinate to the legislature's). Section 153.009(f)'s provision that "[a] record of the interview

shall be part of the record in the case" further suggests a legislative intent that courts—trial and appellate—take child interviews into account in their decision processes.

Mother also points out that the *A.C.* court held that a trial judge's erroneous failure to require the recording of a child interview in a family-law case was harmless error. *In re A.C.*, 387 S.W.3d at 678; *see also In re Marriage of Comstock*, 639 S.W.3d 118, 134 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (same). This holding seems to assume that the missing-record presumption does not apply when a child interview is not brought forward on appeal, since the failure to record the interview generally would harm the appellant if the presumption applies. But we are not persuaded by the *A.C.* court's harmless-error analysis. The court reasoned that failing to record a child interview is harmless because interviews are "strictly supplemental to the evidence taken in court" and the trial judge has wide discretion to take the interview into account or ignore it in its entirety. *In re A.C.*, 387 S.W.3d at 677, 678. We think this is a non sequitur. In a bench trial, the trial judge generally has the discretion to disregard any evidence he or she does not find credible, so child interviews are not unusual in that regard. Also, if the trial judge has the discretion to consider the interview in making his or her decision, the parties should be able to address the interview, along with all the other evidence, on appeal. The erroneous failure to ensure that the interview is recorded could prevent the appellant from properly presenting the case on appeal, which is itself harmful error. *See* TEX. R.

APP. P. 44.1(a)(2). Thus, we do not find Mother's argument based on *A.C.*'s harmless-error holding persuasive.

Next we consider Mother's argument that Father bore the burden to request a record of the interviews if he wanted them to be part of the record. This argument fails because it misplaces the burden of making sure a complete record is presented on appeal. Regardless of the parties' positions in the trial court, the appellant bears the burden of presenting an appellate record sufficient to show reversible error. *See Christiansen*, 782 S.W.2d at 843. Thus, if both parties fail to ensure that a complete record is made in the trial court, each takes the risk of effectively waiving appellate issues that depend on the state of the record. Mother's contention that Father has failed to preserve his missing-record argument is, accordingly, without merit.

Mother also argues that the missing-record presumption should not apply because Father's motion requesting the child interviews was limited to matters of possession and access. Specifically, Father's motion recited, "For the purpose of determining the best interest of the children, [Father] requests the Court to confer with the older 2 children, in chambers, to determine each child's wishes as to possession and access." We do not find this argument persuasive for at least two reasons. First, it is always possible that a child could divulge facts during an interview that are relevant to disputed issues in the case other than those specifically identified in a parent's application for an interview. We see nothing in § 153.009 suggesting that the judge cannot consider, or must ignore, a child's statements on

subjects beyond those specifically mentioned in the application. Second, facts divulged in an interview about a specific identified topic could simultaneously be relevant to other issues in the case. For example, a child could respond to a question about possession and access by explaining that she would prefer to live with a particular parent because of recent changes in that parent's (or the other parent's) financial condition. For these reasons, we conclude that the missing-record presumption is not limited to the specific topics mentioned in Father's request for § 153.009 interviews.

Finally, we consider Mother's suggestion that it is very unlikely that the children said enough about their parents' current and historic financial situations to demonstrate that either had experienced a material and substantial change of circumstances. *See In re C.C.J.*, 244 S.W.3d at 917 ("The record must contain both historical and current evidence of the relevant person's financial circumstances."). Mother's suggestion seems plausible; we suspect that most children aged 14 and 15 (almost 16) lack detailed knowledge of their parents' finances. But at the same time, it is not impossible that Mother and Father could have told the children enough about their financial situations in October 2021 and December 2022 to enable the children to reveal a material and substantial change in one or both parents' circumstances. And we find no authority supporting the proposition that the missing-record presumption does not apply when it seems unlikely, though not impossible, that the missing evidence actually supports the challenged fact finding. In the absence of

such authority, we decline to adopt a new exception to this well-established presumption.

### 4.    Conclusion

We hold that Mother's failure to bring forward a record of the § 153.009 child interviews held in this case, involving children at least 12 years old, triggers the missing-record presumption established in cases such as *Schafer v. Conner*, 813 S.W.2d 154 (Tex. 1991) (per curiam). Accordingly, we presume that the missing evidence supports the trial judge's finding of a substantial and material change of circumstances. We therefore overrule Mother's sole issue on appeal.

## IV.  DISPOSITION

We affirm the trial court's Order in Suit to Modify Parent–Child Relationship.

240392F.P05

/Dennise Garcia/
_____
DENNISE GARCIA
JUSTICE

Pedersen, III, J., concurring



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF C.J., P.J., AND M.J., CHILDREN

No. 05-23-00392-CV

On Appeal from the 469th Judicial District Court, Collin County, Texas Trial Court Cause No. 469-54733-2018.
Opinion delivered by Justice Garcia. Justices Partida-Kipness and Pedersen, III participating.

In accordance with this Court's opinion of this date, the trial court's Order in Suit to Modify Parent–Child Relationship signed on March 30, 2023, is **AFFIRMED**.

It is **ORDERED** that appellee Phillip Jones recover his costs of this appeal from appellant Cathleen Jones.

Judgment entered this 25th day of April 2024.